**Connie Lee MUMPHORD, Appellant,**

v.

**FIRST VICTORIA NATIONAL BANK, Appellee.**

**No. 1605.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1980.

Adam T. Serrata, Homer B. Walls, Hill & Walls, San Antonio, for appellant.

William Fly, Fly, Moeller & Stevenson, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

Appellant, Connie Lee Mumphord, filed this suit against appellee, First Victoria National Bank (Bank), and Neumann's Food Store, Inc. of Victoria, Texas (Neumann's), for damages and to set aside a foreclosure sale to Neumann's by the trustee for the Bank of certain property originally owned by Mumphord. At the close of Mumphord's case in chief, the trial judge directed a verdict in favor of Neumann's. At the close of all the evidence, the cause was submitted to the jury on certain special issues, all of which were answered favorably to Mumphord. Thereafter, the trial judge granted the Bank's motion for judgment non obstante veredicto and overruled Mumphord's motion for judgment based on the jury verdict. Mumphord appeals.

Mumphord's trial pleadings alleged in substance: that as Independent Executrix of her deceased husband's estate, she was indebted to the Bank pursuant to the terms of four promissory notes which were secured by a deed of trust executed by her husband covering four tracts of land; that on March 11, 1977, the substitute trustee and agent for the Bank notified her that the notes were past due and that the property in question would be sold at a public auction on Tuesday, April 5, 1977; that thereafter Mrs. Mumphord (as Independent Executrix) initiated action to secure funds to satisfy these obligations; that the Bank (through the substitute trustee), willfully and fraudulently prevented her from obtaining the necessary funds by failing to inform her of the total amount outstanding on the debt after promising to compile the information and submit it to her; that she believed that the sale of the property would be postponed pending her receipt of the outstanding amount owed; that the Bank and Neumann's conspired to prevent her from paying such debts in order to facilitate Neumann's acquisition of the property;[1] that all four tracts were sold at the trus-

---

1. On appeal, Mumphord does not challenge the trial court's directed verdict in favor of Neumann's.

tee's sale for the total amount of $10,812.97, an amount which was substantially less than their actual value; and that as a result of such sale, she had sustained damages in the sum of $50,000.00. In accordance with these allegations, Mumphord prayed that the foreclosure sale be set aside and that she be awarded actual and exemplary damages totalling $150,000.00. The Bank filed specific denials concerning the truth of most of Mumphord's allegations.

On appeal, Mumphord challenges the propriety of the trial court's action in granting the Bank's motion for judgment non obstante veredicto solely on the basis that each of the special issues answered by the jury was supported by ample evidence. The Bank, on the other hand, takes the position that regardless of the question of the sufficiency of the evidence, the jury's answers would not support a judgment in favor of Mumphord. In addition, the Bank contends there was no evidence to support the jury's answer as to fair market value of the property in question on the date of the sale. During oral arguments, we requested the parties to file post–submission briefs to clarify certain questions asked by the Court. We now have before us the original and the post–submission briefs the parties have filed.

The thrust of Mumphord's complaints, as we now understand them, is that the trial court should have entered judgment in her favor based upon the jury's findings that established that: the trustee did not provide Mumphord necessary information in regard to the pay–off figures when requested; the trustee represented to Mumphord that the debt information would be provided later; and based upon the trustee's representations, Mumphord was led to believe the property would not be sold on the date indicated in the acceleration notice. Mumphord contends that these findings, when considered with the other jury findings,[2] establish fraud, the amount of damages, and her right to judgment based on the jury's verdict.

■ Rule 301, Texas Rules of Civil Procedure, provides that the trial court may, upon motion and reasonable notice, render a judgment non obstante veredicto if a directed verdict would have been proper. Generally, a trial court can direct a verdict in favor of the defendant if either (a) in the theory of recovery relied upon by the plaintiff there is at least one fact proposition, constituting a component element, asserted by plaintiff, as to which the plaintiff's evidence is so meagre or the defendant's evidence is so compelling that reasonable men could not differ as to the conclusion that such proposition is not established; or (b) that each theory of recovery as to which plaintiff has raised an issue of fact on all component elements is destroyed by some affirmative defense applicable thereto as to which the truth of every component fact proposition asserted by the defendant has been so conclusively established that reasonable minds cannot differ; or (c) that the plaintiff fails to obtain a finding on one of the disputed necessary elements constituting a portion of plaintiff's cause of action. 3 McDonald's, Texas Civil Practice, § 11.-28.1 (1970); *Tull v. San Patricio Elec. Coop., Inc.*, 564 S.W.2d 192 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n. r. e.); *Sawyer v. Pierce*, 580 S.W.2d 117, 124 (Tex.Civ.App.–Corpus Christi 1979, writ ref'd n. r. e.) and cases cited therein.

■ Actionable fraud is generally stated to be a misrepresentation of a material fact which induces another to rely primarily on such misrepresentation to his detriment. In order to constitute actionable fraud based upon a misrepresentation, the following elements must be established by pleadings and proof: 1) that a material representation was made; 2) that was false; 3) that, when the speaker made it, he knew it was false or he made it recklessly without any knowledge of its truth and as a positive

---

**2.** Other jury findings were: that the property was sold for a grossly inadequate consideration; that Mumphord was damaged as a result of the sale of the property; and that the fair market value of the property in question as of the date of foreclosure was the sum of $40,-000.00.

assertion; 4) that he made it with the intention that it should be acted upon by the party; 5) that the party acted in reliance upon it; and 6) that the party suffered injury thereby. *Custom Leasing, Inc. v. Texas Bank & T. Co. of Dallas*, 516 S.W.2d 138, 143 (Tex.Sup.1974); *Neuhaus v. Kain*, 557 S.W.2d 125 (Tex.Civ.App.–Corpus Christi 1977, writ ref'd n. r. e.). Each of these elements must be established with a reasonable degree of certainty. The absence of any one of them will prevent recovery. *Sawyer v. Pierce*, 580 S.W.2d 117, 124 (Tex.Civ.App.–Corpus Christi 1979, writ ref'd n. r. e.) and cases cited therein.

■ Assuming without deciding that there is some evidence in the record to support each of the jury's answers to the special issues submitted, the special issues answered by the jury are not sufficient to form the basis of a judgment in favor of Mumphord. The misrepresentation issue found by the jury was to the effect that the substitute trustee represented to Mumphord that the sum of money necessary to retire her outstanding debt would be compiled and furnished to her. As such, this representation only concerns a promise to do a future act (compile information and furnish it to appellant). A promise to do something in the future cannot form the basis of actionable fraud unless it be shown that the promisor, at the time he made the promise, had no intention of performing it. See *Stanfield v. O'Boyle*, 462 S.W.2d 270, 272 (Tex.Sup.1971); *King v. Tubb*, 551 S.W.2d 436 (Tex.Civ.App.–Corpus Christi 1977, no writ); 25 Tex.Jur.2d Fraud & Deceit, § 19 (1961). The issue of whether the trustee actually made such a promise was contested. Mumphord failed to plead or request a jury issue to the effect that the trustee had no intention to perform the promise at the time he made it. We have examined the entire record and do not find any legal basis to support a deemed finding that the trustee did not intend to perform the promise at the time he made it. See *Neyland v. Brown*, 141 Tex. 253, 170 S.W.2d 207, 211 (1943); 4 McDonald, Texas Civil Practice § 12.36.1 n. 63 (1969); Rule 279, Texas Rules of Civil Procedure. We must affirm the trial court.

There are additional reasons to affirm the trial court. There was no special issue tending to connect the trustee's promise to any resulting injury. Mumphord's theory, as we understand it, is that she believed the sale would not take place on the scheduled date. She admitted that no one, including the trustee, ever told her the sale would be postponed. She testified, in effect, that she formed her belief that the sale would be postponed because the trustee told her that the debt information would be furnished to her. She testified that she then stopped all efforts to obtain another loan to pay off the Bank while she waited to get the debt information from the trustee. She made no attempt to find out whether the sale would be held as scheduled.

■ As a general rule, to be actionable, the fraud which forms the basis of plaintiff's case must be the cause of the claimed loss. 25 Tex.Jur.2d, Fraud & Deceit, § 30 (1961). There must be pleading and proof of a pecuniary loss suffered which is directly traceable to and which resulted from the false representation upon which the injured party relied. See *Horne v. Salado Creek Dev. Co.*, 576 S.W.2d 659, 662 (Tex.Civ.App.–Beaumont 1978, writ ref'd n. r. e.); *Success Motivation Institute, Inc. v. Lawlis*, 503 S.W.2d 864, 867 (Tex.Civ.App.–Houston [1st Dist.] 1973, writ ref'd n. r. e.); *El Paso Development Company v. Ravel*, 339 S.W.2d 360, 365 (Tex.Civ.App.–El Paso 1960, writ ref'd n. r. e.). Mumphord claims that she was injured by her reliance on her belief that the sale would be postponed, because if the sale had been postponed, she could have obtained a loan elsewhere to pay the outstanding principal amount. There is no evidence or finding, however, that the trustee falsely represented to her that the sale would be postponed. Even considering the evidence in the light most favorable to Mumphord, the record reflects no more than a misunderstanding by Mrs. Mumphord herself, not caused by the Bank, or by the substitute trustee.

■ The jury found that Mumphord "was damaged as a result of the sale of the

property for a grossly inadequate consideration." There is no jury finding or conclusive evidence establishing a causal connection between the trustee's representation and the jury's finding of damage to Mumphord. Nor, is there a jury finding or evidence establishing an irregularity in the sale or any actions on the part of the Bank contributing to such inadequate price. Mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was legally and fairly made. *Am. Sav. & Loan Ass'n. of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex.Sup.1975); *Tarrant Savings Association v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.Sup.1965); *Sparkman v. McWhirter*, 263 S.W.2d 832, 837 (Tex.Civ.App.–Dallas 1953, writ ref'd).

We, therefore, conclude that the trial court was correct in granting the Bank's motion for judgment non obstante veredicto. All of appellant Mumphord's points of error and contentions have been considered and are overruled.

The judgment of the trial court is affirmed.