**In the Matter of Enrique O. TORRENS, Debtor.**

**SOUTHEAST FIRST NATIONAL BANK OF MIAMI, Plaintiff,**

v.

**Enrique O. TORRENS et al., Defendants.**

**Bankruptcy No. 80–01104–BKC–SMW. Adv. Proc. No. 80–0255–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

Nov. 24, 1980.

Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for plaintiff.

Ruben L. de Leon, Law Offices of Gaston R. Alvarez, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon an Adversary Complaint filed by Southeast First National Bank of Miami, ("Southeast Bank"), a creditor of the Defendant Debtor; the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the pleadings and arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law.

Plaintiff, Southeast Bank, has filed an Adversary Complaint seeking to have the debt owed Plaintiff by the Debtor excepted from the Debtor's discharge. Plaintiff's *ore tenus* motion at trial to amend its Complaint to conform to the evidence adduced at trial having been granted, the Complaint alleges that the Debtor made a false and fraudulent representation to Southeast Bank; that Southeast Bank advanced $3500.00 to the Debtor in reliance upon that representation; that as a result of such reliance, Plaintiff was damaged in the amount of $3,413.00, and that this debt should be excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

Most of the material facts are either undisputed or not the subject of serious contention. The Debtor maintained an account at Southeast Bank. On February 19, 1980, he presented to Southeast Bank a check drawn on his account there in the amount of $3500.00. His account balance at that time was only $27.08.

Apparently, Southeast Bank at first refused to cash the check based on the lack of sufficient funds to cover it, but after some discussion with the Debtor relented as an accommodation to him based upon his representation that he would, that day, deposit good funds in his account at Southeast Bank sufficient to cover the check. In reliance upon that representation by the Debtor, Southeast Bank advanced to him

the cash sum of $3500.00. No deposit was made by the Debtor on February 19, 1980 to cover the $3500.00 check.

Two days later, however, on February 21, 1980, the Debtor deposited, in his account at Southeast Bank, two checks totalling $17,-500.00. One check in the amount of $10,-000.00 was drawn on the account of Continental and International Trading Corp. ("Continental") maintained at the National Bank of South Florida ("National Bank"). The Debtor is the principal of Continental. The second check in the amount of $7,500.00 was drawn on the account of the Debtor at Sun Bank of Miami ("Sun Bank").

· Each check was presented for collection by Southeast Bank to its respective drawee bank, and each was returned to Southeast Bank uncollected due to insufficient funds. Testimony by employees of each of the drawee banks established that neither the account of Continental at National Bank nor the account of the Debtor at Sun Bank ever had a balance greater than $100.00 during the months of January, February and March, 1980.

■ The foregoing facts are supported by clear and convincing evidence, and compel an inference that the Debtor fraudulently misrepresented to Southeast Bank that he would cover the $3500.00 check, when in fact, he never intended to do so. It is clear that Southeast Bank relied on that misrepresentation to its detriment, for the Debtor stated that he would cover the check the same day he presented it for payment, and this he failed to do. Two days later, he deposited large checks written without sufficient funds to cover them, on accounts that never had sufficient or even substantial funds on deposit during any relevant period. Based on these facts, it is clear to this Court that the Debtor had no intention to cover the $3500.00 check that he convinced Southeast Bank to cash for him.

■ In an attempt to overcome the inference of fraud arising from the evidence presented by Southeast Bank, the Debtor testified at trial that a business associate owed him a certain sum of money for earned commissions, and that he had given this business associate deposit slips for his account at Sun Bank and for the account of Continental at National Bank so that the business associate could deposit the commissions owed the Debtor directly to those accounts, thereby creating balances sufficient to cover the $17,500 in checks deposited by the Debtor at Southeast Bank on February 21, 1980. The Court finds, however, that the Debtor's testimony is not believable and is insufficient to rebut the inference of fraudulent intent drawn by this Court from the entire evidentiary record.

The Debtor's testimony is not corroborated by any document or other evidence. The business associate who allegedly owed the Debtor commissions did not testify in this cause, purportedly because he was in South America. The Debtor did not specify when the business associate was to make the deposits, and the record is clear that the deposits were never made and that there were never sufficient funds at National Bank or Sun Bank to cover the checks deposited by the Debtor at Southeast Bank. The Debtor had to have known at the time he presented the two checks to Southeast Bank that the checks were not supported by adequate funds on deposit either at National Bank or at Sun Bank.

The Debtor further testified that he telephoned Sun Bank and National Bank to find out why the checks had not cleared, but he could not name the persons to whom he spoke at those banks, nor did he make any written inquiries. Little weight can be given to this Debtor's testimony, and such testimony is simply insufficient to overcome the clear and convincing proof presented by Southeast Bank.

■ To render a debt non–dischargeable under 11 U.S.C. § 523(a)(2)(A), it is not necessary that the misrepresentations by the Debtor be in writing [*In re Miller*, 5 Bkrtcy. 424, 2 C.B.C.2d 849, 851 (W.D.La. 1980)]; and a misrepresentation by a Debtor of his intention may constitute a false representation within the meaning of that section. 3 *Collier on Bankruptcy*, ¶523.08[4] (15th Ed. 1980). For a debt to fall within that exception to discharge, it is only neces-

sary that the Debtor knowingly and fraudulently make a false representation to his creditor upon which the creditor relies in giving the Debtor money or property or extending him credit. *Id.*

 Accordingly, considering the evidence presented by the record in this cause in light of the applicable legal principles, this Court finds as a matter of fact and concludes as a matter of law that the Debtor knowingly and intentionally misrepresented his intention and ability to cover a $3500.00 cash advance by Southeast Bank to the Debtor on February 19, 1980; and that in so doing the Debtor intended to make and did make a false representation to Southeast Bank and thereby obtained money or an extension of credit by false pretenses, false representation and actual fraud, within the meaning of 11 U.S.C. § 523(a)(2)(A). Accordingly, there remains a debt due and owing by the Debtor to Southeast Bank in the amount of $3,413.00, and that debt is as a matter of law excepted from the discharge obtained by the Debtor in accordance with 11 U.S.C. § 727.

A Judgment shall enter for Southeast Bank and against the Debtor in accordance herewith.