**Earl Wayne MITCHELL, Relator,**

v.

**Honorable Robert B. BAUM, Respondent.**

**No. A14–83–514–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 12, 1984.

Frank V. Panzica, Houston, for relator.

Betty Purvis, Leona Franklin, Asst. County Attys., Harris County, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Relator seeks a writ of mandamus directing respondent, Judge Robert B. Baum, to vacate his order denying relator the opportunity to appeal without giving security for costs or paying any part thereof. Additionally, relator seeks mandamus ordering respondent to appoint legal counsel to represent relator on his appeal from the discretionary transfer hearing, wherein relator was certified to stand trial as an adult on a felony charge. We find no abuse of discretion by respondent judge and therefore deny mandamus.

Relator, a juvenile, was charged with a felony, aggravated robbery. The state moved that the juvenile court waive its jurisdiction and certify relator to stand trial as an adult in accordance with Tex.Fam. Code Ann. § 54.02 (Vernon 1975 & Vernon Supp. 1982–83). After a lengthy hearing, at which relator was represented by retained counsel, the juvenile court waived jurisdiction and certified relator to stand trial as an adult. The cause was then transferred to the 184th Criminal District Court for disposition. The trial judge there found relator to be indigent and appointed his previously retained counsel to represent him in the criminal proceedings. Relator then initiated civil appellate proceedings to appeal the juvenile court's order waiving jurisdiction and certifying him as an adult in accordance with Tex.Fam.Code Ann. § 56.02(b) and Rule 355(a) Tex.R.Civ.P. The state contested the affidavits and the matter was set for hearing. *See* Tex.R. Civ.P. 355(c). After a full hearing on the matter, the trial court sustained the state's contest and denied relator's indigency request.

This case thus raises the following central issues:

(1) Is a juvenile automatically entitled to a cost-free record for appeal on the filing of affidavits of indigency executed by him and his parents stating that the juvenile is unable to pay all or any part of the costs of appeal or give security therefor?

(2) Is it proper for the court to consider the parent's financial resources in determining the juvenile's indigency status for appeal purposes?

(3) Is mandamus proper to require the juvenile judge to appoint appellate counsel for the juvenile who was represented by retained counsel, or to pay retained counsel for perfecting appeal where no such relief had been previously requested?

(4) If the parent's financial resources were properly considered in this case, did the court abuse its discretion in denying indigency relief to the juvenile?

Relator contends that the court abused its discretion when it took into consideration the financial status of relator's mother in determining whether he was indigent for appeal purposes. Relator argues that only his individual ability to pay should be considered in determining his indigency. He takes the position that the Family Code and Rules of Civil Procedure simply require that the juvenile and his parents (or the person responsible for his support) file affidavits that he is unable to pay any part of the appellate costs or give security therefor. The Family Code provides in relevant part:

(b) The juvenile court shall order the reporter to furnish a transcription without charge to the attorney if the court finds, after hearing or on an affidavit filed by the child's parent or other person responsible for support of the child, that he is unable to pay or give security therefor. Tex.Fam.Code Ann. § 56.02(b) (Vernon 1975).

The Family Code further provides that requirements governing appeals from an order of a juvenile court "are as in civil cases generally." Tex.Fam.Code Ann. § 56.01(b) (Vernon 1975).

■ Further, in relevant part, the Rules of Civil Procedure provide:

(a) When the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, ... his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor. Tex.R.Civ.P. 355(a).

Relator interprets these two provisions to mean that only his individual financial status is considered in determining his eligibility for a cost-free appeal. We disagree. While it is correct to apply the individual's financial resources as the guideline for adults, we interpret the Family Code to provide a different standard for juveniles. For example, the Family Code specifically provides that the court shall appoint an attorney if "the court determines that the child's parent or other person responsible for support of the child is financially unable to employ an attorney...." Tex.Fam. Code Ann. § 51.10(f) (Vernon 1975). While the pertinent provision regarding a cost-free transcript on appeal is not as clear, we see no reason to set a different standard for assessing the juvenile's indigency for appellate purposes. We find the court properly considered the financial status of the relator's parent in determining his indigency for appeal.

In this regard, relator complains of the law's inconsistency in regarding him as a child for purposes of appealing the discretionary transfer order which effectively certified him to be tried, and treated, as an adult for the criminal proceedings. In the former, since it is civil in nature, his parent's financial status is properly considered in testing his ability to pay appellate costs. On the other hand, in the criminal proceedings he is regarded as an adult and his indigency status for trial or appeal is determined by his individual financial condition.

Indeed, he was found to be indigent for the criminal proceedings and his retained counsel was appointed to represent him in the adult criminal proceedings by the trial judge. Yet, for purposes of appealing his certification as an adult, he is found not to be indigent under juvenile standards.

■ While we note this seemingly inconsistent division in this area of the law, we are not inclined to restructure the juvenile laws of this state. That question is one properly addressed to the legislature.

■ Relator further contends that the trial judge should be compelled by mandamus to appoint an attorney for him on appeal. He further argues in his brief that his presently retained attorney should be paid reasonable attorney's fees by the state for perfecting relator's appeal. With regard to this latter request, we are powerless to comply even if we desired to do so. The Family Code under certain guidelines specifically authorizes *appointment* of an attorney for a juvenile who is found to be indigent but makes no provision whatsoever for repayment of retained counsel for services rendered. Tex.Fam.Code Ann. § 51.10(f) (Vernon 1975). Thus, relator's request for an order of payment to retained counsel is denied.

■ As to relator's request for mandamus ordering appointment of appellate counsel, we find that nothing in the record reflects that the statutory guidelines for appointment of juvenile appellate counsel were followed here. The Family Code provides that upon entry of an appealable order of a discretionary transfer of a child to criminal court for prosecution as an adult, the court shall instruct the attorney to advise the child and his parent of the child's right to the appointment of an attorney for appeal if an attorney cannot be obtained because of indigency. If they express a desire to appeal, the attorney shall file a notice of appeal and inform the court whether or not he will handle the appeal. Tex.Fam.Code Ann. § 56.01(e), (f) (Vernon 1975). It further provides that appointment of counsel shall be under the stan-

dards of section 51.10(f) of the Family Code, which provides in pertinent part:

(f) The court shall appoint an attorney to represent the interest of a child entitled to representation by an attorney, if:

(1) *the child is not represented by an attorney;*

(2) the court determines that the child's parent or other person responsible for support of the child is financially unable to employ an attorney to represent the child; and ... Tex.Fam. Code Ann. § 51.10(f) (Vernon 1975) (emphasis added).

In this case, the relator has been continuously represented by retained counsel. Following judgment on April 28, 1983, in the discretionary transfer hearing, there was nothing to reflect that counsel for relator filed any motion to withdraw as counsel, nor was any motion filed for appointment of counsel on appeal. Instead, retained counsel has continued to represent relator in both the preliminary appellate proceedings and in this application for writ of mandamus. Notice of appeal and motion for new trial were both filed by retained counsel on April 28, 1983, and May 18, 1983. On July 11, 1983, retained counsel represented relator in the indigency hearing relative to relator's inability to pay the "costs of appeal". These costs do not include attorney's fees. We are now asked to compel the trial judge by mandamus to appoint counsel for relator on appeal. We are not inclined to grant mandamus where the trial judge has not been specifically requested previously to provide the relief in accordance with the statutory prerequisites for such relief.

■ Even if we disregard the procedural defects which occurred in this regard, we refuse the mandamus because, in our review of the evidence presented at the indigency hearing, we find that the evidence was sufficient to support the judge's decision sustaining the state's contest. Mandamus is proper only where there is a clear abuse of discretion by the trial judge.

The record indicates several income resources were available. Relator's mother receives on his behalf social security payments of $376.00 monthly. There are no other children residing at home. His mother owns a three bedroom home with an outstanding mortgage balance of $5,000.00. She earns $10,296.00 yearly as a domestic worker. Relator's stepfather is employed by the City of Houston and has an annual income of $18,000.00. Both mother and stepfather own 1979 automobiles. The mother owes approximately $1,500.00 on installment charge accounts. Each testified that they made unsuccessful attempts to borrow money. There is nothing in the record to indicate the cost of appeal except that it would be in excess of $500. From our review of this record, we find that the court did not abuse its discretion in sustaining the contest to the affidavit in lieu of costs.

■ Relator contends respondent improperly considered relator's Social Security benefits as this is merely possible future income. If the anticipated income is sufficiently certain to serve as some security for a loan, the judge may properly consider that amount. *See King v. Payne*, 156 Tex. 105, 292 S.W.2d 331, 336–37 (1956). Social Security payments are secured by the federal government and thus are sufficiently certain to be taken into account.

■ Relator next claims that respondent improperly took judicial notice of the step-father's annual income. This income was admitted into evidence at an earlier hearing at which respondent was also the presiding judge. A court may properly take judicial notice of its own record in the same case. *Keller v. Walker*, 652 S.W.2d 542, 544 (Tex.App.—Dallas 1983, no writ). This contention is thus without merit.

■ Finally, relator argues that respondent improperly considered the stepfather's income for any purpose. While the stepfather did not legally adopt relator, it is clear from the record that respondent only considered the stepfather's income to the extent required by state community property laws.

We therefore find that respondent did not abuse his discretion. Accordingly the application for writ of mandamus is denied.