**In re Robert E. TINGLEY, Debtor.**

**KLOSTERS REDERI A/S d/b/a Norwegian Caribbean Lines, Plaintiff,**

v.

**Robert E. TINGLEY, Defendant.**

**Bankruptcy No. 83–02117–BKC–TCB.**

**Adv. No. 84–0026–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 17, 1984.

Robert W. Stewart, Miami, Fla., for plaintiff.

Robert E. Tingley, pro se.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) for its claim of $7,992 against the debtor. The debtor, who has no attorney, appeared at trial and denied the essential allegations. Because the debtor was not properly served, no default has been sought or granted on account of the debtor's failure to plead. The matter was tried on February 16, as scheduled, with the debtor's consent.

The facts are undisputed. On March 12, 1983, eight months before bankruptcy, the debtor gave a check to the plaintiff cruise line in the amount claimed as payment for a cruise ticket on behalf of a third party, aptly named Fox. At that time, the debtor had $144 in the account upon which the check was drawn. The check bounced.

During the six months before he gave this check, the debtor never had sufficient funds in the account to pay the check. His average balance was $300. His net take-home pay from employment was $900 a month.

The debtor's explanation is that he issued his check in reliance upon a check in that same amount given him by Fox, an acquaintance who lived with the debtor but is not related to him. The debtor received Fox's check at the time he paid plaintiff for the ticket issued to Fox. Fox's check was subsequently dishonored. The account had been closed. The debtor sustained other losses from his trust in Fox, but not until after he had delivered his check to the plaintiff. There is no evidence that plaintiff knew or should have known that Fox's check was worthless. There is no evidence that the debtor could realize or did in fact realize any personal gain from negotiating the check to plaintiff.

Section 523(a)(2)(A) excepts from discharge any debt:

"(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by (A) false pretenses, a false representation, or actual fraud."

I am satisfied that it is not necessary that the property be actually procured for the debtor himself. *Collier on Bankruptcy* ¶ 523.08[1] n. 4. I am also satisfied that the purchase of goods on credit by a debtor who does not intend to pay constitutes false representation. Id. ¶ 523.03[4] n. 19. However, it has long been settled that to except a debt from discharge under this provision, plaintiff must prove that the debtor's conduct involved moral turpitude or intentional wrong, that he had an actual intent to deceive or defraud the plaintiff. Id. n. 12 and n. 13. I find that plaintiff has failed to carry that burden in this instance.

I agree with the plaintiff that the debtor's negotiation of a check at a time when there were insufficient funds in the account to honor the check makes a prima facie case of false representation and that after that proof, the debtor had the obligation to offer an exculpatory explanation. The debtor has done so. I do not agree with the plaintiff that it is relieved of the burden of proof that the debtor had an actual intent to deceive and defraud the plaintiff. That burden remains with the plaintiff. Id. [5] n. 28.

There are circumstances, I am sure, in which a debtor's conduct is so reckless that it compels the inference of an actual intent to deceive or defraud another. This court encounters such cases involving the use of credit cards and, under § 523(a)(2)(B), financial statements. However, the circumstances present here do not warrant an inference of moral turpitude or intentional wrong.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Each party shall bear its own costs. It would be clearly inequitable under these circumstances to impose any penalty under § 523(d) upon the plaintiff for having brought this action.