In re Pedro CABRERA, Sr., a/k/a Pedro Cabrera, and Margarita A. Cabrera, Debtor.

Billy SOTO, Plaintiff,

v.

Pedro CABRERA, Sr., a/k/a Pedro Cabrera, Defendant.

Bankruptcy No. 86–01289 BKC SMW. Adv. No. 86–0538 BKC SMW.

United States Bankruptcy Court, S.D. Florida.

March 23, 1987.

Suzan J. Jacobs, Miami, Fla., for plaintiff.

Roberto F. Fleitas, Miami, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on Creditor, Billy Soto's Complaint for Non-Dischargeability against Debtor, Pedro E. Cabrera, Sr., pursuant to 11 U.S.C. Section 523(a)(2)(A). The Court, having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Plaintiff, Billy Soto, (Soto) filed the instant adversary proceeding to preclude discharge of Cabrera's Default Judgment debt entered in a prior Circuit Court action based on the sale of seven fraudulent bank checks drawn on The Sterling Bank and Trust Company (Sterling).

Sterling was a shell bank operating solely to defraud innocent purchasers by selling its checks through endorsers and "runners" such as Cabrera. Cabrera, acting in concert with other persons, had procured seven checks from Sterling's foremost principal, Lorenzo Lacayo (Lacayo). Lacayo executed the seven checks, of which Cabrera endorsed four and his confederate, Vicente Acena (Acena), endorsed the other three. Through Acena, Cabrera then

---

caused the checks to be sold in El Salvador. Soto purchased the checks in El Salvador for at least their face value without knowledge of their invalidity and worthlessness. As a result, Soto was never paid on the checks and was damaged in the sum of their face amount.

Prior to the instant transaction (obtaining the seven checks), Cabrera had engaged in other transactions with Lacayo, including one in which CABRERA obtained a check for Seven Thousand Eight Hundred Sixty Dollars ($7,860.00) signed by Lacayo and drawn on his predecessor sham bank. Cabrera endorsed and presented that check to Continental National Bank of Miami which, in turn, advanced him the face value. Subsequently, Continental informed Cabrera that the check was returned "Stop Payment." The check was never honored, and the amount advanced by Continental became part of CABRERA'S overall debt to that institution as reported in his Bankruptcy Schedules.

Section 523(a)(2)(A) provides that "a discharge under Section 727, 1141, or 1328(b) ... does not discharge an individual debtor from any debt ... for money, ... to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition." Although knowledge and intent are difficult to prove in fraud cases, the requisite degree of intent may be inferred from the totality of the circumstances. *In re Holcombe*, 23 B.R. 590 (E.D.Tenn.1982); *In re Diaz de Villegas*, 26 B.R. 600 (S.D.Fla.1983). In the present case, Soto has proven Cabrera's knowledge and intent, as well as the other necessary elements of fraud. *In re Roberto's, Inc.*, 18 B.R. 551 (S.D.Fla.1982). In procuring, endorsing, and causing the sale of the seven checks, Cabrera represented to all prospective purchasers that those instruments were valid and would be honored according to their tenor upon presentment. See, e.g., *In re Tingley*, 37 B.R. 466 (S.D.Fla.1984). He knew at those times that the checks were worthless and false, lacked supporting funds, and would never be honored. His prior dealings with Lacayo's predecessor sham bank further indicate his knowledge that the seven present checks were fraudulent. Cabrera further intended to defraud ultimate purchasers, such as Soto, by causing the sale of the checks for value. Soto, as a member of the class of prospective purchasers, reasonably relied on such and other false representations made by Cabrera as inducement for purchasing the seven checks.

Because Cabrera's obligation to Soto under the Circuit Court Judgment was incurred through his participation in a scheme to obtain money by false pretenses, false representation, and actual fraud, that obligation is non-dischargeable under 11 U.S.C. Section 523(a)(2)(A).

A separate Final Judgment of even date will be entered in conformity with these findings and conclusions.