Alton McCURRY, Appellant,

v.

AETNA CASUALTY AND SURETY
COMPANY, Appellee.

No. 13–87–203–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 31, 1987.

Rehearing Denied Jan. 28, 1988.

Terry A. Canales, Premont, fpr appellant.

Frank E. Weathered, Brin & Brin, P.C., Corpus Christi, for appellee.

Before KENNEDY, SEERDEN, and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The appellant, Alton McCurry, appeals from a take nothing summary judgment rendered against him in his cause of action for breach of contract and fraud against the appellee, Aetna Casualty and Surety Company. In his only point of error, appellant complains that the trial court erred in granting the appellee's motion for summary judgment on the grounds both that appellee had not met its burden of negating some element in each of appellant's causes of action and that appellee's motion specifically asked for summary judgment only on the contract action and not on the fraud action. We affirm.

Appellant's causes of action for contract and fraud are based on an alleged settlement agreement concerning a prior accident involving the appellant and the appellee's insured, Nueces County, a defendant below who was tried separately for negligence. The appellant claims that the appellee's local representative, Thomas M. Bengston, offered to settle the case in a telephone conversation that he had with the appellant's attorney. Appellant's original petition alleged:

### XVI.

That thereafter said THOMAS M. BENGSTON requested of Plaintiff, through his attorney, that Plaintiff not bring suit on his claim stating that:

1. AETNA acknowledged liability to Plaintiff for his injuries and had already paid his medical bills;
2. That AETNA had recently settled with the occupants of the WALKEY vehicle in excess of $100,000.00;
3. That if Plaintiff would refrain from filing suit that AETNA would negotiate a settlement with him;
4. That AETNA would re-evaluate its offer to Plaintiff if he would submit to an examination by a Doctor designated by AETNA.
5. That if the Plaintiff refrained from filing suit, both parties would avoid unnecessary attorneys fees.

### XVII.

That the Plaintiff agreed not to file suit and to submit to a medical examination by a doctor designated by AETNA.

### XVIII.

That the plaintiff was examined by AETNA's Doctor as agreed.

### XIX.

That having received the medical report from Dr. JUSTO S. AVILA, that AETNA advised Plaintiff through his attorney, that it would re-evaluate its offer of settlement based upon it.

### XX.

That AETNA thereafter in March, 1982, advised Plaintiff's attorney that it would no longer negotiate with Plaintiff

stating that his claim was barred by limitations.

## XXI.

That Aetna has breached its agreement to negotiate a settlement with Plaintiff.

## XXII.

That the Plaintiff relied on the representations of AETNA that it would negotiate an equitable settlement contemplating the injury to his back.

## XXIII.

That the foregoing statements of the defendant AETNA CASUALTY AND SURETY COMPANY, being false at the time they were made, or, being thereafter repudiated in such a manner as to attempt to deny Plaintiff his rightful recovery of damages sustained, constitutes a fraud for which this Plaintiff is entitled to recovery of exemplary damages.

The appellee defended on a general denial and made its first motion for summary judgment. The appellant filed the affidavit of his attorney, Terry A. Canales, in response to the motion, stating:

That said THOMAS M. BENGSTON requested of Plaintiff, through his attorney, that Plaintiff not bring suit on his claim stating that:

1. AETNA acknowledged liability to Plaintiff for his injuries and had already paid his medical bills;

2. That AETNA had recently settled with the occupants of the WALKLEY vehicle in excess of $100,000.00;

3. *That if Plaintiff would refrain from filing suit that AETNA would negotiate a settlement with him;* [emphasis added]

4. That AETNA would re-evaluate its offer to Plaintiff if he would submit to an examination by a Doctor designated by AETNA.

5. That if the Plaintiff refrained from filing suit, both parties would avoid unnecessary attorneys fees.

It appears from the record that the motion was overruled.

Appellee then moved for and was granted a severance and separate trial from the cause of action for negligence alleged against Nueces County. Appellant tried and lost his suit against Nueces County on grounds other than the statute of limitations.

Thereafter, appellee made its second motion for summary judgment, on the grounds that an agreement to make a contract in the future is unenforceable and that appellees had no duty to appellant because its insured had been absolved of liability. Shortly thereafter, but more than seven days before the summary judgment hearing, the appellant amended his petition to reflect the following change:

## XVI.

That, thereafter said THOMAS M. BENGSTON requested of Plaintiff, through his attorney, that Plaintiff not bring suit on his claim stating that:

1. AETNA acknowledged liability to Plaintiff for his injuries and had already paid his medical bills;

2. That AETNA had recently settled with the occupants of the WALKLEY vehicle in excess of ONE HUNDRED THOUSAND AND NO/100 ($100,-000.00) DOLLARS;

3. *That if Plaintiff would refrain from filing suit that AETNA would settle with him and pay him SEVEN-TY-FIVE THOUSAND AND NO/100 (75,000.00) DOLLARS if he continued to have back problems as he claimed;* [emphasis added]

4. That AETNA would re-evaluate its offer to Plaintiff after Plaintiff would submit to an examination by a Doctor designated by AETNA; and

5. That if the Plaintiff refrained from filing suit, both parties would avoid unnecessary attorneys fees.

At the summary judgment hearing, the appellee relied on the deposition of Thomas M. Bengston to the effect that he does not have the authority to settle claims for over $30,000.00 without the approval of his re-

gional supervisor and that he did not recall whether or not he made an offer of the nature alleged in the amended petition. The trial court granted the second motion for summary judgment from which this appeal is taken.

We will first discuss the breadth of the summary judgment. Appellant contends that the fraud action was never before the court on the summary judgment motion and that the take nothing summary judgment is invalid in so far as it disposes of the fraud action. Appellee's second motion for summary judgment specifically referred only to the contract action. However, several parts of the motion suggest that it was also placing the fraud action before the court.

In Paragraph II., appellee mentions that a trial was held on the underlying cause of action for negligence against appellee's insured, in which the insured was found not to be liable for the appellant's injuries. Paragraph V. asserts that, because the trial was held, appellee could not have damaged the appellant by preventing him from having a trial. These assertions negate any damages appellant claimed for his reliance on appellee's alleged representations that it would settle the case for a specified amount. They are only referrable to the fraud action and are irrelevant to appellant's contract action, since reliance is not an element of this contract action.

■ In its prayer for relief, appellee requested the court to "enter judgment that the Plaintiff take nothing and that Defendant recover its costs from Plaintiff." Summary judgment orders stating that plaintiffs take nothing in their suit against defendants are not ambiguous or vague. *Mansfield v. City of Port Lavaca,* 698 S.W.2d 429, 433 (Tex.App.—Corpus Christi 1985, no writ). The request for such an order clearly contemplates disposal of the entire controversy between the parties.

Appellant should not have been misled into believing that the motion for summary judgment referred only to a portion of the controversy. So long as the substance of the motion demonstrated that both causes of action were being placed before the court for summary judgment, we will overlook a defect in form. *See State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex. 1980); *English v. Fischer,* 632 S.W.2d 163 (Tex.App.—Corpus Christi 1982, no writ).

We now turn to the underlying merit of appellee's motion for summary judgment.

■ In order to prevail on a summary judgment motion, the defendant must show by summary judgment evidence that at least one of the elements of the plaintiff's cause of action has been conclusively established against the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105 (Tex.1984); *Laycox v. Jaroma, Inc.,* 709 S.W.2d 2, 4 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.).

■ One element of appellant's contract action is to show some agreement between the parties which would rise to the level of a contract. Merely an agreement to enter into negotiations in the future cannot be enforced because the court has no means to determine what sort of contract the negotiations would have produced. *Radford v. McNeny,* 129 Tex. 568, 104 S.W.2d 472, 474 (1937); *Estate of Eberling v. Fair,* 546 S.W.2d 329, 334 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). Thus, if the summary judgment evidence conclusively shows that there was no specific agreement between the parties, but only an agreement to negotiate, appellee is entitled to a summary judgment on the contract action.

It is clear from the pleadings that only two people would have direct knowledge of whether or not a specific agreement had been made: Thomas M. Bengston, whose deposition indicates that he does not remember or have authority to enter into such an agreement, but does not unequivocally deny that such an agreement was made; and the appellant's attorney, Terry A. Canales, who in his prior affidavit stated only that Aetna agreed it "would negotiate a settlement." If this affidavit can be considered summary judgment evidence, then even under the rule that affidavits will be construed liberally in favor of the party against whom summary judgment is

sought, *Amarillo Abstract and Title Co. v. Unauthorized Practice of Law Committee of State Bar of Texas*, 332 S.W.2d 349, 352 (Tex.Civ.App.—Amarillo 1959, writ ref'd n.r.e.), it clearly shows by its omission of any specific settlement amount that the affiant, by implication, denied that such an offer had been made.

■ According to Tex.R.Civ.P. 166–A(c), those parts of the record of concern to the trial court in a summary judgment proceeding are, "the pleadings, depositions, answers to interrogatories, admissions, affidavits ... on file at the time of the hearing...." In *Richards v. Allen*, 402 S.W.2d 158, 161 (Tex.1966), the only requirement for summary judgment proof was that it "be on file, either independently or as part of the motion for summary judgment, the reply thereto, or some other properly filed instrument...." This rule seems to suggest that, so long as an affidavit is on file at the time of the summary judgment hearing, it need not have been filed specifically in support of or reply to the present motion for summary judgment. *See also DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969). And in *Vaughn v. Burrows Corp.*, 705 S.W.2d 246, 248 (Tex.App.—Houston [14th Dist.] 1986, no writ), the court held that it was proper for the trial court to consider evidence attached to previous motions for summary judgment, even where such evidence was not incorporated by reference in, or attached to, the present motion for summary judgment. *See also Dousson v. Disch*, 629 S.W.2d 111 (Tex.App.—Dallas 1982, no writ). Likewise, we hold that Terry A. Canales' affidavit was properly before the trial court on the present motion for summary judgment and was sufficient to disprove appellant's claim of a specific agreement.

■ With regard to appellant's cause of action for fraud, the elements of actionable fraud in Texas are: (1) that a material misrepresentation was made, (2) that it was false, (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, (4) that he made it with the intention that the party act on it, (5)

that the party acted in reliance on it, and (6) *that the party thereby suffered injury. Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex.1983); *Buck v. Rogers*, 709 S.W.2d 283, 286 (Tex.App.—Corpus Christi 1986, no writ). Furthermore, with regard to the sixth element, generally there must be pleading and proof of a pecuniary loss suffered which is directly traceable to, and which resulted from, the false representation upon which the injured party relied. *Mumphord v. First Victoria National Bank*, 605 S.W.2d 701, 704 (Tex.Civ.App.—Corpus Christi 1980, no writ). In the present case, two general forms of injury were alleged: contractual damages based on the failure of the appellee to fulfill its alleged settlement agreement; and the damages allegedly resulting from appellee's preventing appellant from filing suit within the statute of limitations on his cause of action for negligence against Nueces County. The first form of damages is not cognizable by this court for the reasons stated above. The second form could only support appellant's cause of action for fraud if his cause of action for negligence had been dismissed or was not presently maintainable because the statute of limitations bars it.

■ Generally, a trial court may take judicial notice of its own records in the same case or in a cause involving the same subject matter between the same parties. *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex.1961); *Mitchell v. Baum*, 668 S.W.2d 757, 761 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Vahlsing, Inc. v. Missouri Pacific Railroad Co.*, 563 S.W.2d 669, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ). In a summary judgment case, the courts will not judicially notice judgments even of the same court which have not been properly attached to the motion for summary judgment. *Gardner*, 345 S.W.2d at 276; *Serna v. Reyna*, 418 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.). However, even in a summary judgment case, the trial court may judicially notice the documents and orders which are a part of its record in the present case, since they are, unlike prior judgments, al-

ready on file and available for the court's consideration at the hearing. *Cogdell v. Fort Worth National Bank,* 544 S.W.2d 825, 830 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.), *cert. denied,* 434 U.S. 923, 98 S.Ct. 400, 54 L.Ed.2d 280 (1977); *Estate of Pettengill,* 508 S.W.2d 463, 465 (Tex.Civ. App.—Amarillo 1974, writ ref'd n.r.e.).

In the present case, it was proper for the trial court to take judicial notice that in a separate trial against Nueces County, a final judgment was rendered against the appellant in his negligence action on grounds other than that it was barred by the statute of limitations. And even if it was error, it was waived by appellant's failure to except to the summary judgment motion which alluded to the judgment. *McIntire v. McIntire,* 702 S.W.2d 284, 286 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). We hold that a summary judgment was proper on the appellant's action for fraud on the grounds that no injury was shown to have resulted from this alleged fraud. We overrule appellant's point of error.

We affirm the judgment of the trial court.