In re Richard LACEY and Anne Lacey, Debtors.

**EAGLE NATIONAL BANK OF MIAMI, Plaintiff,**

v.

**Richard LACEY and Anne Lacey, Defendants.**

**Bankruptcy No. 87–04357–BKC–SMW. Adv. No. 88–0103–BKC–SMW–A.**

United States Bankruptcy Court, S.D. of Florida.

May 16, 1988.

---

Bertram A. Sapurstein, Miami, Fla., for Eagle Bank.

Martin Hannan, Coral Gables, Fla., for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Eagle National Bank of Miami ("Eagle Bank") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Facts and Conclusions of Law:

Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), (b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

The debtors opened two checking accounts with Eagle Bank in 1985. From January to March 1986, the debtors' accounts became overdrawn until the overdraft balances totalled $23,723.34. The debtors assured Eagle Bank that they would cure the overdrafts by depositing into their accounts checks drawn on a bank account they maintained with the Commercial Bank and Trust Company ("Commercial Bank"). However, when the checks were presented for collection by Eagle Bank to Commercial Bank they were returned due to insufficient funds.

The debtors, when pressed for payment by Eagle Bank, promised to cover the overdraft balances throughout the period in question. Eagle Bank accepted the debtors assurances because the debtors had previously been overdrawn in their checking accounts and upon notification by Eagle Bank they cured the overdraft balances without delay. In addition, Eagle Bank's branch manager had a prior banking relationship with the debtors at another bank where they had maintained accounts without any problems. Therefore, relying upon the debtors' promise and prior banking history,

**910**

Eagle Bank continued to advance money to the debtors. However, the debtors continued for approximately sixty days to cover the overdraft balances in the Eagle Bank accounts with worthless checks drawn on the Commercial Bank account. The debtors' accounts in the Eagle Bank and the Commercial Bank do not contain the necessary funds on deposit to cover the overdraft balances outstanding at the Eagle Bank.

 Under 11 U.S.C. 523(a)(2)(A) a debt will be excepted from discharge when a debtor makes a false representation when incurring a debt. To bar a discharge of a debt for a false representation or fraud the creditor must show the following: that the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation. *Schweig v. Hunter (In re Hunter)* 780 F.2d 1577 (11th Cir. 1986); *In re Roberto's Inc.*, 18 B.R. 551 (Bankr.S.D.FLa.1982). A debtor's intent to defraud may be inferred from the totality of the circumstances. *In re Cabrera*, 71 B.R. 200 (Bankr.S.D.Fla.1987). When a debtor induces a creditor to cash checks which are drawn on an account containing insufficient funds the debtor has obtained an extension of credit by false representations. *Southeast First National Bank of Miami v. Torrens (In the Matter of Torrens)* 7 B.R. 229 (Bankr.S.D.Fla.1980); *Klosters Rederi v. Tingley (In re Tingley)* 37 B.R. 466 (S.D.Fla.1984).

 Eagle Bank, relying on its previous business relationship with the debtors, extended credit to the debtors based on representations that they would cover the overdraft balances in their Eagle Bank accounts. Instead, the debtors continued to deposit Commercial bank checks in the Eagle Bank with the knowledge that those checks lacked supporting funds, and would not be honored. Therefore, the Court finds that the debtors obtained money and an extension of credit by false misrepresentation and fraud.

Based on the totality of the circumstances, the Court finds, that the debtors knowingly and intentionally misrepresented to Eagle Bank their intention and ability to cover the overdraft balances in their accounts. Therefore, the Court finds, that the debt owing to Eagle Bank is excepted from discharge under 11 U.S.C. 523(a)(2)(A).

A separate Final Judgment of even date has been entered in conformity herewith.