**In re Gary GARRITANO, Debtor.**

**SEARS, ROEBUCK AND COMPANY, Plaintiff,**

v.

**Gary GARRITANO, Defendant.**

**Bankruptcy No. 89–01855–BKC–SMW.**

**Adv. No. 89–0322–BKC–SMW A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 25, 1989.

Nancy Berz, Kahn & Gutter, Ft. Lauderdale, Fla., for plaintiff.

William McPharlin, Ft. Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the Complaint of SEARS, ROEBUCK AND COMPANY (the "Creditor"), for non-dischargability of a debt pursuant to 11 U.S.C. Section 523(a)(2)(A) against GARY GARRITANO (the "Debtor") and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1334(b) and Section 157(a) and (b). This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. Section 157(b)(2)(I).

Beginning in 1987 and continuing over a two-year period which ended in March of 1989, the Debtor accrued a $36,000.00 balance on his credit card account with the Creditor. The Debtor had an open line of credit as he was a trusted employee of a subsidiary of the Creditor. A substantial majority of the charges were the result of a charade of gift certificate purchases in increments ranging from $100.00 to $500.00. The Debtor, on numerous occasions, would purchase several gift certificates in a single day, from various stores of Creditor.

The Debtor used some of the gift certificates as payments on his account so as to prevent his account from going into default status while the other gift certificates were used either by the Debtor or his girlfriends to purchase small ticket items. The unused portions of the gift certificates would be redeemed for cash. The Debtor spent the cash balance and did not use same to pay the Creditor.

The Creditor brings this action pursuant to Section 523(a)(2)(A) which states that:

"(a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition."

█ In order to preclude the discharge of a particular debt under Section 523(a)(2)(A), a Creditor must prove that: the Debtor made a false representation with the purpose and intention of deceiving the Creditor; the Creditor relied on such representation; his reliance was reasonably founded; and the Creditor sustained a loss as a result of the representation. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986).

█ The Debtor argues that he had no intention to deceive the Creditor and that the charges never exceeded any credit limit because he had an open line of credit. Although the Debtor denies any intent to deceive, the Debtor's conduct dictates otherwise. The requisite degree of intent may be inferred from the totality of the circumstances. *Soto v. Cabrera, Sr.*, 71 B.R. 200 (U.S.Bcy.Ct.S.D., Fla.1987). SEE ALSO *McMillan v. Firestone*, 26 B.R. 706 (U.S. Bcy.Ct.S.D., Fla.1982). ["Intent may be inferred despite the Debtor's avowal to the contrary"]. The Debtor's pattern of conduct in purchasing numerous gift certificates over the two-year period, clearly demonstrates the requisite intent to deceive the Creditor.

The evidence presented further showed that it was not possible for the Debtor to pay his Sears account, based on the Debtor's salary and the magnitude of his other debts. Notwithstanding same, the Debtor continued to build up his outstanding credit balance by purchasing more gift certificates. The only way that the Debtor was able to pay the account was by perpetrating the fraud. The fact that the Debtor made substantial charges, even though they were within his "credit limit" is not an acceptable excuse when the Debtor knows that he has no intention of paying. *Bar-*

*nett Bank of Tampa v. Pitts*, 10 B.R. 557 (U.S.Bcy.Ct.M.D., Fla.1981). The Debtor, through his scheme, abused his extension of credit and perpetrated an actual fraud on the Creditor.

Further, the Creditor reasonably relied on the Debtor's representations. The Debtor, as a trusted employee, continued to pay on his account notwithstanding that the payments were made by submitting gift certificates. The means which the Debtor used to pay the account made it difficult for the Creditor to detect the Debtor's scheme. As a consequence, the Creditor sustained a loss of $36,000.00.

In summary, this Court finds that the Debtor, as a trusted employee of the Creditor's subsidiary and through his scheme, committed actual fraud on the Creditor. The Creditor reasonably relied on the Debtor's representations to pay and sustained a loss in the amount of $36,000.00. Accordingly, the debt herein is non-dischargable pursuant to 11 U.S.C. Section 523(a)(2)(A).

A separate Final Judgment of even date has been entered in conformity herewith.