Robert **MANSFIELD** and Sterling D. Griffith, Appellants,

v.

**CITY OF PORT LAVACA, et al.,** Appellees.

No. 13–84–349–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 26, 1985.

Rehearing Denied Oct. 31, 1985.

---

1. Paragraph VII (5) of the contract.

M. Cesar Guillen, Harlingen, Lester R. Buzbee, III, Buzbee & Kleiber, Houston, for appellants.

Harrell Z. Browning, Larry G. Hyden, Corpus Christi, James A. Smith, Smith & Hood, Fred Turner, Michael M. Fricke, Port Lavaca, for appellees.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from summary judgments granted in favor of the appellees. Appellants brought a declaratory judgment action seeking to declare certain rights and to set aside the election which authorized the sale of city-owned land, contending statutory and city charter violations and

the unconstitutionality of Tex.H.B. 2383, 68th Leg. (1983). All of the appellees filed motions for summary judgment against the appellants which were granted by the trial court. Appellants appeal. We affirm.

The land in question comprised approximately 75 acres. It was granted to the City of Port Lavaca from the State of Texas and consists of submerged areas, built-up islands and tidal flats. The land was originally granted to the City by the passage of "Senate Bill 316" in 1921. The grant gave the City of Port Lavaca the authority to construct, own and maintain seawalls, piers and wharves and to grant franchises for the shipping districts, among other enumerated things. The State reserved all mineral rights to itself. Section 1 of the bill granted the land to the City for "public purposes only."

In February 1981, the City entered into a contract to convey all of this city "patent land" to appellee dock companies. The Attorney General opined that the City held the patent in public trust and could not convey the land without express authority from the Texas legislature. The City Council, by resolution, sought legislation to remove the encumbrance noted by the Attorney General. Tex.H.B. 2383, 68th Leg. (1983) was passed and became law in 1983. By this bill, the State relinquished all of its right, title and interest in and to the city "patent." The bill specified that the property in question would no longer be held in the public trust. Thereafter, the City received a Quitclaim Deed from the Land Commissioner upon payment of $20.00 per acre. This deed removed the conditions and prior limitations on the land. The city council then took measures to sell the land as intended.

The City instructed the City Secretary to publish notice of sale of the land in the local newspaper. Subsequently, the Mayor opened and read the single bid proposal received from Port Lavaca Channel & Dock Co., Bauer Channel, Dock and Harbor Co., and Calhoun County Channel and Dock in the amount of $17,932.50. The City Council considered and accepted appellees' bid, subject to the approval by the voters of the City. An ordinance was passed calling for an election. The election was held on November 8, 1983, and the proposition authorizing the sale was passed by the electorate.

Appellants Robert Mansfield and Sterling Griffith then brought this declaratory judgment action against all of the appellees in an effort to set aside the sale of the patent land, alleging various statutory and city charter violations and the unconstitutionality of H.B. 2383. The trial court considered the summary judgment motions and granted judgments against appellants.

In appellants' first point of error, they claim that the trial court erred in granting appellees' motion for summary judgment because, as a matter of law, the City of Port Lavaca could not sell the coastal lands to a corporation because the property was owned by the public school fund of the State of Texas. They rely upon TEX.NAT.RES.CODE ANN. § 51.052 (Vernon 1978) concerning the conditions for the sale of land. The statute states in pertinent part: "No land may be sold to corporations, and no corporation may purchase land under this subchapter." TEX.NAT.RES.ANN. Chapter 51 deals, in part, with the sale of land set apart to the permanent school funds under the constitution and laws of Texas. This point is without merit because the State was not the owner of the land when it was sold to the appellees. The land had been deeded from the State to the City of Port Lavaca. Statutes, such as the one at bar, do not preclude a corporation from ever acquiring title to land where a legitimate purchase has been effected. *Antone v. Kurth Lumber Mfg. Co.*, 205 S.W.2d 438 (Tex.Civ.App.—Texarkana 1947, no writ). In addition, only the State can inquire into the want of authority of corporations to take and hold real estate. *Id.* at 440. Appellants' first point of error is overruled.

In appellants' second point of error, they argue that the trial court erred in granting summary judgment against them by ruling that they had no cause of action against

appellees. Under this point, appellants raise several arguments. First, they claim that appellees are in violation of Parks and Wildlife Code § 26.001 because the land sold by the State was a park and was sold without proper authority. Second, they claim that there was a valid referendum presented to the City Council which was not submitted to the voters of Port Lavaca. Third, appellants claim that there was a conflict of interest and alleged misconduct on the part of appellee David Denham and the City Attorney. They also argue that TEX.REV.CIV.STAT.ANN. art. 5421c–12 (Vernon 1985) was violated because there was no appraisal of the land, that it was sold too cheaply, and the publishing requirements were not met. They contend that TEX.REV.CIV.STAT.ANN. art. 969a–1 (Vernon 1963) was either void or inapplicable.

Appellants' argument that the 39.5-acre tract in question was a public park and was sold without proper authority is without merit since appellee Griffith unqualifiedly refuted his own argument in his deposition when questioned about the park area.

Q. It [the park area] is not included within the 39.85 acres [the land in question], isn't that true, Mr. Griffith?

A. The park area is not included in the 39.85 acres.

Q. And you knew that at the time that you filed this lawsuit?

A. Yes, sir.

There was other summary judgment evidence, including the affidavit of Lorene S. Sulton, City Secretary of Port Lavaca, who testified that the record of Port Lavaca, including the City Council Minute Records, reflects that the area appellants refer to as a park has never been designated as a park or recreational area by the City of Port Lavaca. Even appellant Robert Mansfield (now deceased) had the following admission deemed admitted against him:

The Plaintiffs in the above numbered and styled suit refer to an area as a 'park,'

which area lies outside of and northwest of, but adjacent to, the 39.85 acres but within the City Patent Tract, which City Patent Tract is that land conveyed to the City of Port Lavaca, Texas, by the State of Texas by deed dated September 19, 1921, recorded at Volume II, page 517 et seq. of the Deed Records of Calhoun County, Texas, and by deed dated September 22, 1983, recorded at Volume 368, page 810 et seq. of the Deed Records of Calhoun Conty, Texas.[1]

No evidence was submitted by appellants to refute the claim nor could it be because of the admission which was deemed by the trial court against them.

■ Appellants claim also that a valid referendum was presented to the City Council which was not submitted to the voters of Port Lavaca. Again, appellant Robert Mansfield had the following admission deemed admitted against him:

With respect to the sale of the 39.85 acres by the City of Port Lavaca, no petition for referendum was presented to the City Secretary of the City of Port Lavaca.

■ Appellants also argue under this point of error that there are conflicts of interest throughout, including the alleged purchase of a lawsuit by appellee David Denham from a contractor with the City of Port Lavaca, and the purchase of property by appellee Denham which the citizens of Port Lavaca had petitioned the City to be made a park. There is no summary judgment evidence in the record to create a fact issue under this point of error.

■ Appellants argue next that there were violations of TEX.REV.CIV.STAT. ANN. art. 5421c–12 (Vernon 1985) specifically the notice requirements that must be met if a political subdivision of the State intends to sell land. We have reviewed all the summary judgment evidence and appellant's admission and do not find any violation of the statute or even that the statute

---

1. The effect of the failure to answer the request for admissions precludes the appellants from offering summary judgment proof contrary to those admissions. TEX.R.CIV.P. 169; *Henke Grain Company v. Keenan,* 658 S.W.2d 343, 347 (Tex.App.—Corpus Christi 1983, no writ).

in question is applicable to the land patented to the City. This case is controlled by TEX.REV.CIV.STAT.ANN. 969a–1 (Vernon 1963) and H.B. 2383. Point of error number two is overruled.

◼ In appellants' third point of error, they assert that the trial court erred in not granting their timely request for leave to amend any affidavits or exhibits. TEX.R. CIV.P. 166–A states, in part:

"Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

The rule further states that the court *may* permit affidavits to be supplemented or opposed by definitions or by further affidavits. TEX.R.CIV.P. 166–A(e). A request for supplementation is within the discretion of the trial court. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In this case, appellants originally filed suit on December 8, 1983. Appellees filed their motions for summary judgment on April 6, 1984. Responses were filed on May 3, 1984. The summary judgment was heard on May 11, 1984. The summary judgment orders were signed on May 16, 1984. From the record before us, we are unable to determine that the trial court abused its discretion in this regard. The order denying appellants leave to amend and supplement the record was dated August 16, 1984, three months after the summary judgment hearing. Appellants' third point of error is overruled.

◼ In appellants' fourth point of error, they assert that the judgment of the trial court was ambiguous, indefinite and vague and, therefore, void on its face. The summary judgment orders signed by the judge against appellants state that plaintiffs Robert Mansfield and Sterling Griffith take nothing in their suit against the defendants. We see no ambiguity or vagueness in the orders. Appellants' fourth point of error is overruled.

◼ In appellants' fifth point of error, they assert that the trial court erred in not holding House Bill 2383 unconstitutional because each clause violates TEX.CONST. art. III § 56. Appellants first argue that § 1 is unconstitutional because the grant of land was to the City of Port Lavaca and not to the City Council. We see nothing in this section that could be construed as being unconstitutional. Section 2 is claimed by appellants to be unconstitutional because it is in *varas* and Senate Bill 316 is in feet. They claim that there is a discrepancy in the property description. Appellants cite us to their supplemental petition as proof of this allegation. We note that, in the record, there are three pleadings enumerated: Plaintiffs' First, Second and Third Amended Supplemental Petitions. We do not find anything in these pleadings which shows that there is a discrepancy in the property description. In any event, pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979).

◼ Appellants argue that § 4, dealing with the conveyance of the property with reservation of minerals, is also unconstitutional. However, under that point, they argue that the price spoken is a token price, not an appraisal of the value of the property as required in TEX.NAT.RES. CODE ANN. § 51.052(d) (Vernon Supp. 1985) which states:

Before the land under this subchapter is sold, the appraisers for the land office must appraise the land at its market value and file a copy of the appraisal with the commissioner.

In an independent search of the record, we find two references made by appellants regarding the price paid by the purchasers for the land. In Plaintiffs' Opposition and Controverting Affidavits to Defendants' David Denham and wife, Betty Denham, and Bauer Channel Dock and Harbor, Inc., Motion for Summary Judgment, appellants' merely present the following question: "Does this mean that buying city property worth in the millions for ¼ of $17,900.00 is

in the betterment of Port Lavaca?" In Plaintiffs' Opposition and Controverting Affidavits to Defendants' Fisher Channel and Dock Company and Calhoun County Channel and Dock, Inc., Motion for Summary Judgment, appellants make the following allegations:

"The real reason for no advertisement is that there would be an amount of doubt on the part of any attorney involved as to which procedure would be proper. Buying nearly 10 acres of land, even though 8½ acres might be submerged for ¼ of $17,900.00 and knowing that land is worth at least $2 million has to bring some doubt even to the most mundane, casual observer. Then to state that the City has a 'free hand' should even bring grave doubts to anyone's mind."

These are the only two allegations in the record regarding any disagreement concerning the price paid for the land in question. There is nothing which shows any sort of irregularity with respect to price of the land. If such evidence exists in the record to raise a fact issue, we are unable to find it. The transcript in this cause consists of more than 2,000 pages. Section 6 of House Bill 2383 sets forth the procedure for sale or conveyance of city property and election. H.B. 2383 § 6(c) reads as follows:

No contract of sale, sale and/or conveyance submitted under the provisions of 5(b) shall be subject to the bidding procedures of the Home Rule Charter of the City of Port Lavaca, Texas, or to the provisions of limitations of Section 3, 5(a), 6(a) or 6(b) of this Act.

Section 8 of H.B. 2383 reads as follows:

*Severability.* All laws or parts of laws and provisions of the Home Rule City Charter of the City of Port Lavaca, Texas, which may be in conflict with 5(b) of this Act are hereby amended or repealed to the extent of such conflict. As to the content of all other laws or parts of laws or the Home Rule Charter of the City of Port Lavaca, Texas, this Act shall be cumulative.

Appellants claim that these clauses attempt to change the city charter and are in violation of TEX.CONST. art. III § 56 (Vernon 1984). Section 8.06 of the Port Lavaca City Charter provides:

In the sale of property having an estimated value of more than $500.00, the property shall be advertised for sale and bids advertised for in the newspapers of general circulation published in Port Lavaca; the contract of sale shall be awarded to the highest responsible bidder; either at auction or upon sealed bids, after such public notice and competition as may be prescribed, and upon such other terms and conditions not inconsistent with express provisions of law and of this Charter, as the City Council shall order; provided the City Council shall have the power to reject all bids and advertise again. These same procedures shall be used whenever the City Council acts as transfer agent.

Appellants claim that H.B. 2383 is in contravention with TEX.CONST. art. III § 56 (Vernon 1984), because it attempts to change the charter of Port Lavaca. It might be construed that § 6(c) and § 8 thwart section 8.06 of the Port Lavaca City Charter. However, H.B. 2383 contains a *"constitutionality"* clause which allows any section which has been held unconstitutional to be severed. If these two sections were excised, § 3 of H.B.2383, which states that the bidding requirements must be in compliance with art. 8.06 of the Home Rule Charter of Port Lavaca, would be effective. It is apparent that the sale in question complied with the requirements of the Port Lavaca City Charter.

■ Appellants' sixth point of error is as follows:

## POINT OF ERROR NUMBER SIX

The trial court erred in granting a summary judgment in that there were numerous material fact issues and trial court cannot ignore an amended pleading, brought properly before the court in a timely manner, verified together with the opposition to the summary judgment and

in addition, there was a request for an injunction. Furthermore, attorney for appellants had to give a court ordered deposition which was not yet transcribed when court ordered the hearing of motions for summary judgment, thereby ignoring part of the evidence.

This multifarious point of error, as well as point of error number seven, has been considered in light of the arguments made and are overruled as being without merit.

The judgment of the trial court is affirmed.