Robert L. COLLINS, Individually and d/b/a Collins and Associates, Appellants,

v.

Royce GUINN, Individually and d/b/a Video One, Appellees.

No. 06–02–00110–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 20, 2003.

Decided April 1, 2003.

Rehearing Overruled April 29, 2003.

Daniel Kistler, Houston, for appellant.

John Wesley Wauson, Wauson & Associates, PC, Sugar Land, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Robert L. Collins, Individually and d/b/a Collins and Associates, appeals the trial court's denial of his motion for summary judgment and the grant of summary judgment in favor of Royce Guinn,[1] Individually and d/b/a Video One. In several points of error, Collins contends the trial court erred (1) in finding Guinn's lawsuit was not barred by res judicata, (2) in finding Guinn's suit was not barred by the statute of limitations, (3) in finding that no genuine issue of material fact existed that would preclude summary judgment, (4) in granting Guinn's motion for summary judgment, for the reasons that the evidence is insufficient to support it, and (5) in denying Collins' motion for summary

judgment. For the reasons set forth below, we affirm the trial court's judgment.

## I. Factual And Procedural Background

In 1987, Pele Chandler, the daughter of Chloe Chandler ("Chandler"), was killed in a motor vehicle accident. Chandler hired Collins to sue Hyundai Motor Company in a wrongful death action ("Hyundai suit"). In connection with the wrongful death suit, Collins asked Video One to provide videotape production and editing services. Video One provided the services as requested.

By 1992, the Hyundai suit was still pending and Video One had not yet been paid for $93,854.51 in services it billed to Collins in connection with the suit. Video One sued Collins for the unpaid debt in a Harris County district court. Collins defended the suit, claiming he and Video One had agreed that payment was not due until the Hyundai suit was settled. Collins prevailed in the 1992 suit, and the trial court entered a take-nothing judgment in favor of Collins. The 1992 trial court later issued the following findings of fact and conclusions of law in support of its ruling:

### Findings of Fact

1. This Court has jurisdiction over the parties and the subject matter of this cause of action.

2. On or about December 12, 1989 Plaintiff, Video One, and Defendant, Robert Collins[,] d/b/a Collins & Associates, entered into an oral contract.

3. Pursuant to the terms of the contract, Plaintiff provided goods and services at the direction and according to the specifications of the Defendant.

4. The services furnished by the Plaintiff, pursuant to the contract and at the request of and on behalf of the De-

---

1. Guinn died in 2002. On November 19, 2002, this Court entered an order designating Tessie O. Guinn, executrix of Guinn's estate, as the real party in interest.

fendant, have a reasonable market value of Ninety–Three Thousand Eight Hundred Fifty–Four and 51/100 Dollars ($93,854.51).

5. Defendant owes Plaintiff a total of Ninety–Three Thousand Eight Hundred Fifty–Four and 51/100 Dollars ($93,854.51) for the services furnished by Plaintiff pursuant to the contract.

6. Pursuant to the terms of the contract, payment of the full Ninety–Three Thousand Eight Hundred Fifty–Four and 51/100 Dollars ($93,854.51) is not due until the resolution of the appeal in the case styled *Chloe J. Chandler, et al[.] vs. Hyundai, et al[.]*, Cause No. 87–39802, in the First Court of Appeals for the State of Texas.

7. The only condition precedent to Plaintiff's right to recover under the contract is the resolution of the appeal of the case styled *Chloe J. Chandler, et al[.] vs. Hyundai, et al[.]*, Cause No. 87–39802, in the First Court of Appeals for the State of Texas.

8. To the extent that any of these are erroneously determined Findings of Fact, but are Conclusions of Law, they shall be deemed Conclusions of Law for all purposes.

## Conclusions of Law

1. A valid[,] enforceable contract was entered into by and between Plaintiff, Video One, and Defendant, Robert Collins[,] d/b/a Collins & Associates on or about December 12, 1989.

2. The Court finds that pursuant to the terms of the contract, payment of Ninety–Three Thousand Eight Hundred Fifty–Four and 51/100 Dollars ($93,854.51) is due upon the resolution of the appeal in the case styled *Chloe J. Chandler, et al[.] vs. Hyundai, et al[.]*, Cause No. 87–39802, in the First Court of Appeals for the State of Texas.

3. The Court finds that the sum of Ninety–Three Thousand Eight Hundred Fifty–Four and 51/100 Dollars ($93,854.51) is due and payable upon ruling and issuance of an opinion by the First Court of Appeals in the appeal styled *Chloe J. Chandler, et al[.] vs. Hyundai, et al[.]*, Cause No. _____, in the First Court of Appeals for the State of Texas, regardless of the outcome of such appeal, and regardless of any additional appeals or court action.

4. To the extent that any of these are erroneously denominated Conclusions of Law, but are Findings of Fact, they shall be deemed Findings of Fact for all purposes.

Neither Guinn nor Collins appealed the 1992 judgment, nor did they object to the trial court's findings of fact and conclusions of law. On August 25, 1994, the Thirteenth Court of Appeals issued its opinion in *Hyundai Motor Co. v. Chandler*, 882 S.W.2d 606 (Tex.App.-Corpus Christi 1994, writ denied).[2] By September

---

**2.** We take judicial notice of the date of issuance of our sister court's opinion in *Hyundai Motor Co. v. Chandler*, 882 S.W.2d 606 (Tex. App.-Corpus Christi 1994, writ denied). *See* TEX. R. EVID. 201; *Grice v. State*, 142 Tex. Crim. 4, 151 S.W.2d 211, 216 (1941) ("judicial knowledge will be taken of those things that are known, or should generally be known, within the jurisdiction of the court"); *In re Trevino*, 79 S.W.3d 794, 795 (Tex.App.-Corpus Christi 2002, no pet.) (appellate court

may take judicial notice of appellate court's action in another case). The appeal had been transferred to the Thirteenth Court of Appeals by order of the Texas Supreme Court under the Texas Docket Equalization program. We therefore treat the opinion by the Thirteenth Court of Appeals as the "opinion of the First Court of Appeals" within the meaning of the Conclusions of Law, and thus as the event that made the debt then due and payable.

22, 1997, Chandler had settled the Hyundai case.

On September 6, 1996, after the Hyundai appeal had been reversed, but while the case was still pending before the trial court, Guinn/Video One filed a plea in intervention in the Hyundai suit. An intervenor's amended petition was filed on June 10, 1997. On July 11, 1997, the trial court granted Guinn's motion to sever the intervention; the severed case was restyled *Royce Guinn, Individually and d/b/a Video One vs. Chloe Chandler*, Cause Number 87–39802–A.

Guinn/Video One filed a first supplemental petition on December 8, 1997, alleging subrogation, unjust enrichment, and *quantum meruit* as causes of action. A second amended petition was filed against both Chandler and Collins on August 19, 1998, alleging breach of contract, subrogation, unjust enrichment, and *quantum meruit.* Guinn filed a motion for summary judgment on November 3, 1998. He asked for judgment on the debt plus attorney's fees in the amount of $40,000.00. In support of his claim for attorney's fees, Guinn submitted the affidavit of Allen D. Russell, which reads in pertinent part, as follows:

My name is Allen D. Russell. I am the attorney of record in the above-styled and numbered cause for and on behalf of ROYCE GUINN, INDIVIDUALLY and d/b/a VIDEO ONE, Plaintiff herein. I am over eighteen (18) years of age and am fully competent and duly authorized to make this Affidavit, which facts are true and correct.

1. I am an attorney duly licensed by the State of Texas and an associate of the law firm of Wauson & Associates, P.C. I am currently practicing in Houston, Harris County, Texas. I am familiar with the fees charged by attorneys in and around Harris County, Texas, for services of a similar nature to those performed herein.

2. ROYCE GUINN, Individually and d/b/a VIDEO ONE has retained the law firm of Wauson & Associates, P.C. to represent it in the suit against Chloe J. Chandler, Defendant herein.

3. All legal services performed on behalf of Royce Guinn, Individually and d/b/a VIDEO ONE have been reasonable and necessary.

4. In my opinion, the sum of no less than Forty Thousand Dollars ($40,-000) is a reasonable and customary fee for the legal services performed in this matter for and on behalf of Royce Guinn, Individually and d/b/a VIDEO ONE in and around Harris County, Texas, through the granting of this Summary Judgment, and collection efforts thereon. My opinion is based on a number of facts, including without limitations, . . . the following:

a. The time and labor required, the novelty and difficulty of the legal questions involved, and the skill requisite to perform the legal services properly;

b. The fee customarily charged in the locality for similar legal services;

c. The amount involved;

d. The time limitation imposed by the client and the circumstances;

e. The nature and length of the professional relationship with the client;

f. The experience of the attorneys performing these services.

Collins filed a response to Guinn's motion for summary judgment, contending (1) Guinn's claim is barred by a four-year statute of limitations because the debt was due in 1991, (2) Guinn's summary judgment evidence failed to show an agreement

between Collins and Guinn that the 1991 debt would not accrue until the Hyundai case was settled, (3) Guinn should not be allowed to use the 1992 findings of fact and conclusions of law to sue Collins when the judgment in that case ordered that Guinn take nothing, and (4) the 1992 take-nothing judgment bars relitigation of this debt under the doctrine of *res judicata*.

Guinn/Video One filed a third amended petition on December 17, 1998. That petition alleged breach of contract, subrogation, unjust enrichment, and *quantum meruit*; it also called for application of the "main purpose doctrine" under the theory that Collins "personally promised and represented that he would be liable for the purchase of the goods, wares, merchandise and/or services described in the Plaintiff's account, and that, in the event Chloe J. Chandler did not pay for same, then he would pay for same." Finally, the petition asked for Collins to be collaterally estopped from denying his obligation to pay the debt based on the findings and conclusions issued in 1992 and based on Collins' prior admission in the 1992 suit that he would pay once the Hyundai case settled.

On March 20, 2002, the trial court granted Guinn's motion for summary judgment. The trial court ordered that Guinn recover from Collins and Chandler, jointly and severally, $93,854.51 for services rendered in connection with the Hyundai suit, $4,223.45 in prejudgment interest, $40,000.00 in attorney's fees, court costs, and post-judgment interest at the rate of ten percent. The trial court also denied Collins' motion for summary judgment.

## II. Discussion

### A. *Res Judicata*

■ In his first point of error, Collins claims the 1992 "take-nothing" judgment precludes Guinn's recovery based on *res judicata*.

The principle of res adjudicata [sic] ... is to expedite justice by putting an end to litigation; [sic] and to preserve the sanctity of the judgments of the courts by making them immune from collateral attack. Once a court has exercised its functions of decision on an issue over which it has jurisdiction, and that decision becomes final, the parties thereto and their privies cannot escape its binding effect. Lacking this anchorage of finality a judicial system would be little more than a rule of fiat.

*Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564, 567 (1937).

■ "To establish *res judicata*, the claimant must show: (1) there was a prior final judgment on the merits rendered by a court of competent jurisdiction; (2) the parties or those in privity with them are identical in both suits; and (3) the same cause of action is involved in both suits." *Glazer's Wholesale Distrib., Inc. v. Heineken USA, Inc.*, 95 S.W.3d 286, 301 (Tex. App.-Dallas June 29, 2001, pet. granted); *see also Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 495–96 (Tex.App.-Texarkana 2000, pet. denied) (citing *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996)). "Privity means a person is bound by the rules of res judicata even though that person is not a party to the prior cause of action, if the person is in privity with the party and the action terminated in a valid judgment." *Traweek v. Larkin*, 708 S.W.2d 942, 945 (Tex.App.-Tyler 1986, writ ref'd n.r.e.).

■ When a court must determine whether *res judicata* bars a subsequent claim, and where the prior judgment does not, on its face, affirmatively resolve all three questions inherent in the *res judicata* inquiry (including what issues were resolved by the prior lawsuit), then that

court may look to evidence outside the prior judgment itself to resolve the *res judicata* inquiry. *Permian Oil Co.*, 107 S.W.2d at 567. In the case at bar, the issues litigated by the parties are not evident from the four corners of the 1992 judgment. We cannot, looking at the judgment alone, determine what claims or issues were resolved by the 1992 judgment. *See Glazer's Wholesale Distrib., Inc.*, 95 S.W.3d 286, 301 (to apply *res judicata*, future court must be able to determine issues resolved in prior case). Accordingly, we find the trial court did not err by looking to evidence outside the judgment itself to determine the issues resolved by the prior lawsuit.[3]

Collins cites *Mansfield v. City of Port Lavaca*, 698 S.W.2d 429 (Tex.App.-Corpus Christi 1985, no writ), and *McCurry v. Aetna Cas. & Sur. Co.*, 742 S.W.2d 863 (Tex.App.-Corpus Christi 1987, writ denied), in his reply brief for the proposition that a "take-nothing" judgment should always preclude examination of evidence outside the judgment itself. *Mansfield*

and *McCurry* say only that a take-nothing judgment is not ambiguous and have nothing to do with *res judicata* or the extent to which a prior take-nothing judgment has a preclusive effect. Neither case supports Collins' position on appeal.

■ The 1992 findings of fact and conclusions of law make clear that the trial court granted a take-nothing judgment in Collins' favor because the debt would not become due until either the Hyundai case settled or the court of appeals issued its opinion in that case. *Res judicata* will not bar a plaintiff's recovery in a subsequent lawsuit absent a showing that the same claims were mature at the time of the prior judgment. *Musgrave v. Owen*, 67 S.W.3d 513, 522 (Tex.App.-Texarkana 2002, no pet.); *see also Hernandez v. Del Ray Chem. Int'l, Inc.*, 56 S.W.3d 112, 116 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (for *res judicata* to apply, claim must be in existence at time suit is filed and cannot merely be prospective claim); *Loyd*

---

**3.** The term "judgment roll" is synonymous with "judgment record" or the "face of the record." *Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564, 566 (1937). In the earliest cases of English jurisprudence, an officer of the court preserved on a parchment scroll a record of the issues that the contestants agreed to litigate. During these early times, all pleadings were oral. This parchment roll would ultimately embrace the written pleadings, the court's charge to the jury, the jury's verdict, the court's final judgment, and other similar matters constituting a part of the proceedings of the trial. Later, if one of the parties was sued again, the same or a different court could examine this parchment roll to determine whether it should make a proper application of the rule of *res judicata*, the record being preserved, among other reasons, in order to show what issues had been disposed of and the parties were bound thereby. When inquiry as to what constitutes the judgment record arises, it must be remembered that ordinarily one of the purposes of the inquiry is to properly apply the rule of *res*

*judicata*. "Every part of the trial proceedings preserved in courts of record under direction of the court for the purpose of its record constitutes the judgment roll." *Id.*

The parties agree that the 1992 findings of fact and conclusions of law constitute part of the "judgment roll." They disagree, however, whether the trial court in 2002 should have been allowed to consider the substance of the 1992 findings of fact in determining whether to grant summary judgment to Guinn. Collins contends the trial court may examine evidence in the judgment roll-other than the judgment itself-only when the judgment itself is unclear. Collins believes the judgment is clear; therefore, the trial court erred by looking at any evidence or documents outside the four corners of the judgment. Guinn contends the judgment does not tell what issues were resolved by the judgment, and, therefore, the trial court properly considered the 1992 findings and conclusions in deciding to grant summary judgment in Guinn's favor. Guinn's position is supported by the authorities.

*v. ECO Res., Inc.,* 956 S.W.2d 110, 125–26 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (prior suit not ripe for declaratory judgment; subsequent suit not barred by prior judgment).

In the 1992 lawsuit, Collins successfully argued that the debt would be due when the court of appeals issued an opinion in the Hyundai case. Collins stated, before the first trial court on June 30, 1994, that as soon as Hyundai settled with Chandler, Video One would be paid, implying that the debt was not yet due. Now, in 2002, Collins takes the contrary position that the debt was due in 1991. Despite his current claims, however, the first trial court ruled-as a matter of law-that issuance of an appellate court opinion on the merits of the case would trigger Collins' obligation to pay Video One under the parties' contract. Furthermore, those findings of fact expressly state that Collins, as the listed defendant, owes $93,854.51 for the services furnished by Video One pursuant to the oral contract. Collins did not appeal the trial court's ruling or object to its findings of fact and conclusions of law.

■■■■ The prospective debt for videotaping services contemplated by the 1992 judgment became due August 25, 1994, when the appeal in the Hyundai case was resolved. Collection of the debt was not barred by the 1992 judgment under the doctrine of *res judicata.*[4] Collins' first point of error is overruled.

4. It might be suggested that the 1992 judgment is void on the theory the trial court lacked jurisdiction to resolve an issue that was not ripe. Traditionally, courts should not resolve issues between litigants unless the suit is ripe. *Patterson v. Planned Parenthood of Houston and Southeast Tex., Inc.,* 971 S.W.2d 439, 443 (Tex.1998). The cause before the 1992 trial court, however, was ripe. The issues before the 1992 trial court were (1) whether a contract existed between the parties, and (2) if a contract existed between the parties, what were the terms of that contract.

### B. Statute of Limitations

■■■■ In his second point of error, Collins claims Guinn is barred from recovery by the statute of limitations. Citing the invoice he received from Guinn, Collins argues the debt at issue was due on August 18, 1991. On its face, the invoice (dated August 8, 1991) states "TERMS: Net 10." A suit for a debt must be brought within four years of its due date. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002). Guinn did not intervene in the Hyundai suit until September 6, 1996, well after the fourth anniversary of the invoice's August 18, 1991, payment due date. Collins concludes that the four year statute of limitations bars Guinn's ability to recover.

The 1992 findings of fact and conclusions established, as a matter of law, that the debt was due when the court of appeals issued its opinion on the merits of the Hyundai suit. The Thirteenth Court of Appeals issued its opinion on August 25, 1994. *See Hyundai Motor Co.,* 882 S.W.2d at 608. Guinn sued Collins for the debt on September 6, 1996. The four year statute of limitations had not expired prior to Guinn intervening in the Hyundai suit. We overrule Collins' second point of error.

### C. Guinn's Motion for Summary Judgment

A trial court has jurisdiction to determine whether a contract exists between the parties, what the terms of any contract might be, and whether one of the parties has breached the contract. TEX. CONST. art. V, § 8; *Diocese of Galveston–Houston v. Stone,* 892 S.W.2d 169, 174 (Tex.App.-Houston [14th Dist.] 1994, no writ). Therefore, the 1992 judgment is not void for lack of ripeness. Whether, however, the trial court should have entered a take-nothing judgment (rather than a dismissal without prejudice), is not the issue before this Court, and we do not reach that issue.

**834**

In his third point of error, Collins contends conflicting evidence should have precluded summary judgment in favor of Guinn. A trial court may grant a motion for summary judgment only when there is no genuine issue of material fact and when the movant is entitled to judgment as a matter of law on the issues expressly set forth in the motion. TEX. R. CIV. P. 166a(c). The evidence in this case showed that in 1991 Guinn claimed the debt was due in 1991; in his 1996 Plea in Intervention, however, Guinn claimed the debt was due when Chandler settled her case with Hyundai or when an appellate court issued its opinion on the merits of the Hyundai suit. This factual inconsistency, according to Collins, created a genuine issue of material fact that should have precluded summary judgment in favor of Guinn.

Collins cites *Dillard v. NCNB Tex. Nat'l Bank*, 815 S.W.2d 356 (Tex.App.-Austin 1991, no writ), for the proposition that conflicting statements of fact in the summary judgment proof create a fact issue precluding summary judgment. In *Dillard*, the trial court determined that the Bank was the proper owner of a negotiable instrument (the debt) at issue. *Id.* at 357. The Austin Court of Appeals reversed, stating that the Bank was not entitled to summary judgment for two reasons: first, the debt was not a negotiable instrument; and second, the Bank had presented conflicting evidence on who was the proper holder of the note, thereby precluding summary judgment.[5] *Id.* at 359–61.

The holding in *Dillard* is not applicable to the case at bar. In *Dillard*, the Austin Court of Appeals held the trial court could not grant summary judgment on an unsettled issue when conflicting evidence existed on that issue. In the case at bar, the contested issue-the date on which the debt became due-had previously been determined as a matter of law. The 1992 judgment held the debt was due when the appellate court issued its opinion on appeal of the Hyundai case. Neither party appealed the 1992 judgment.

"[A] fact is 'material' ... [and will thereby preclude summary judgment] where it affects the outcome of the suit." *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. denied). Facts that cannot affect the outcome of the suit under governing law will not preclude entry of summary judgment. *Id.*

In the case at bar, any evidence that the debt was due prior to settlement of the Hyundai case must be disregarded as immaterial because such evidence conflicts with the 1992 conclusions of law. The evidence Collins cites as creating a genuine issue of material fact was properly disregarded by the trial court. We find the trial court did not err by granting summary judgment in Guinn's favor. We overrule Collins' third point of error.

**5.** The original holder of the debt was RepublicBank Austin, which was later succeeded by RepublicBank Austin, N.A., which transferred the debt to the Federal Reserve Bank in Dallas for as long as the debtor made timely payments on the note. RepublicBank Austin, N.A. then became insolvent, fell into the receivership of the FDIC, who transferred Republic's assets to NCNB, Texas. The debtor then failed to make a payment, and NCNB sued to collect. The Austin Court of Appeals found that NCNB Texas had failed to show a transfer of the ownership of the note from either the Federal Reserve Bank in Dallas to NCNB or from RepublicBank to NCNB, because, as a debt that was not a negotiable instrument, the debt could not be transferred by merely endorsing the note; it could, however, be assigned. The problem arose when there was no evidence of assignment from the Federal Reserve Bank to NCNB. *Dillard v. NCNB Tex. Nat'l Bank*, 815 S.W.2d 356, 357–61 (Tex.App.-Austin 1991, no writ).

## D. Sufficiency of the Evidence To Support Guinn's Motion for Summary Judgment

In his fourth point of error, Collins contends Guinn failed to present competent evidence to support his motion for summary judgment. Under that point of error, Collins advances various arguments. All of his arguments hinge on his contention that the 1992 findings of fact and conclusions of law constitute an irrelevant, impermissible collateral attack on the 1992 "take-nothing" judgment. As his central contention fails, so also do Collins' arguments under that contention.

On November 3, 1998, Guinn moved for summary judgment on his breach of contract claim against Collins. The trial court granted Guinn's motion for summary judgment on that issue, awarding the principal $93,854.51, plus prejudgment interest of $4,223.45, attorney's fees of $40,000.00, court costs, and post-judgment interest at the rate of ten percent per annum. Collins first claims "[n]o specific legal theory of Collins' purported liability is specifically identified by Video One in its Motion for Summary Judgment." Guinn's motion for summary judgment asserts the right to recover from Collins based on services rendered "pursuant to the terms of the agreement" and "under the contract" between Video One and Collins. Guinn's motion for summary judgment also clearly states "the undisputed evidence demonstrates that Video One is entitled to a summary judgment against Collins, Chandler, or both, for the reasonable value of the goods and services provided in the amount of $93,854.51." We believe this language clearly identifies that the relief sought is payment of a debt owed pursuant to a valid contract.

Collins next claims he should not be held personally liable because he was merely Chandler's agent. Generally, agents are not liable for claims or debts incurred on behalf of a disclosed principal. *See Seale v. Nichols,* 505 S.W.2d 251, 255 (Tex.1974). If, however, the agent explicitly or implicitly obligates himself or herself in the contract, then the agent may be held liable for a debt undertaken on a principal's behalf. *Schaeffer v. O'Brien,* 39 S.W.3d 719, 721 (Tex.App.-Eastland 2001, pet. denied). In this case, the 1992 judgment states-as a matter of law-that Collins and Chandler are jointly liable for the debt once it accrues. That judgment did not find Collins was acting merely as the agent on Chandler's behalf; and, again, Collins did not object to the 1992 findings and conclusions. Guinn introduced those findings of fact and conclusions of law into evidence to support his motion for summary judgment. The trial court in the case at bar had before it evidence that Collins was himself liable for the debt. Additionally, Collins testified on June 30, 1994, that his agreement with Guinn was that Video One would be paid when Hyundai settled the Chandler case. This testimony, also entered into evidence in the case at bar, constitutes evidence that Collins implicitly, if not explicitly, obligated himself to pay Guinn. Given this fact, and the 1992 finding that Collins himself was jointly and severally liable, the trial court in this action had before it competent evidence of Collins' personal liability.

Finally, Collins asserts that Guinn failed to produce competent summary judgment evidence on each material element required for claims for breach of contract and attorney's fees.[6]

---

6. Collins also claims there is insufficient evidence to support Guinn's claims under *quantum meruit* and the main purpose doctrine.

Guinn did not plead these causes of action in his motion for summary judgment, nor did the trial court grant relief on these claims.

### 1. Breach of contract

▮▮▮▮▮ The elements to prove a breach of contract are (1) the existence of a valid contract, (2) the plaintiff's performance under the contract, (3) a defendant's breach of that contract, and (4) evidence of damages suffered by the plaintiff as a result of the defendant's breach. *Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 615 (Tex.App.-Texarkana 2002, pet. denied). "Reliance is not required to prove a breach of contract." *Nat'l W. Life Ins. Co. v. Rowe*, 86 S.W.3d 285, 297 (Tex. App.-Austin 2002, pet. filed). In support of his motion for summary judgment, Guinn introduced into evidence the 1992 findings of fact and conclusions of law, the 1991 invoice, an affidavit from Guinn stating he had performed the services requested under the contract and not received payment from Collins, and a letter from Chandler's counsel confirming settlement of the Hyundai case.

The 1992 findings of fact and conclusions of law established, as a matter of law, the existence of a valid contract between Collins and Guinn for video services. The 1991 invoice was evidence of performance under that contract by Guinn. Guinn's affidavit also provided evidence of performance by Guinn, as well as evidence of Collins' breach of contract by his nonpayment. And the 1991 invoice was evidence that Guinn suffered damages of $93,854.51 because of Collins' breach. Accordingly, we believe the trial court had before it competent evidence supporting each element of Guinn's breach of contract claim.

### 2. Attorney's Fees

▮▮▮▮ Collins contends the trial court erred by awarding Guinn $40,000.00 for his attorney's fees. Collins cites *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex.1997), for the proposition that a trial court must consider five specific factors, in addition to others, when determining whether to award attorney's fees: (1) whether the attorney's fee was a contingent fee or an hourly fee, (2) the total number of hours worked, (3) the novelty or difficulty of the claims and defense presented, (4) the extent to which employment in this case precluded employment in other matters, and (5) whether any of the fees charged in the case were for time or expenses incurred in prosecution of a prior lawsuit. Collins also asserts, correctly, that the affidavit supporting Guinn's claim for attorney's fees does not address each of the *Arthur Andersen* criteria.

In *Arthur Andersen & Co.*, the Texas Supreme Court determined that the five factors listed above, in addition to others, should be considered when determining an award of attorney's fees in Deceptive Trade Practices Act cases where the plaintiffs hired their lawyers on a contingency basis. *Id.* at 818. *Arthur Andersen* does not discuss facts that a trial court should consider in awarding attorney's fees based on an hourly rate contract. *Id.* In the case at bar, the evidence before the trial court did not indicate Guinn's attorney's fees were contingent on the amount of the recovery from Collins; instead, it appears the fees were either billed on an hourly basis or based on a type of flat-fee schedule.

▮▮▮▮ "What constitutes reasonable attorney's fees is a question of fact, but clear, direct, uncontroverted evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has not rebutted the evidence." *Merchandise Ctr., Inc. v. WNS, Inc.*, 85 S.W.3d 389,

---

Accordingly, we need not address evidentiary sufficiency as it relates to any claims under the main purpose doctrine or *quantum meruit*.

397 (Tex.App.-Texarkana 2002, no pet.) (citing *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881–82 (Tex. 1990)). "To constitute proper summary judgment evidence under Rule 166a(f), an affidavit [supporting attorney's fees] must be made on personal knowledge, set forth facts which would be admissible in evidence, and show the affiant's competence." *Merchandise Ctr., Inc.,* 85 S.W.3d at 397 (citing *Fisher v. Yates,* 953 S.W.2d 370, 383 (Tex.App.-Texarkana 1997), *writ denied,* 988 S.W.2d 730 (Tex.1998) (per curiam)).

In this case, Collins presented no evidence to controvert the affidavit supporting Guinn's request for attorney's fees. The affidavit provided by Guinn's attorney, however, was made on personal knowledge, set forth facts that would be admissible in evidence through live testimony, and demonstrated the affiant's competence as an attorney who is familiar with the customary rates charged in the Harris County area for work of a similar nature and complexity. Therefore, the uncontroverted attorney's fees testimony established the legal fees as a matter of law. *See World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 684 (Tex.App.-Fort Worth 1998, pet. denied). Sufficient evidence exists to support the trial court's award of attorney's fees. Collins' point of error is overruled.

### E. Denial of Collins' Motion for Summary Judgment

In his final point of error, Collins contends the trial court erred by denying his motion for summary judgment, which asserted the debt was barred by *res judicata* and by the statute of limitations.

From the 1992 findings of fact and conclusions of law, it is clear the earlier lawsuit found the debt was not due until the appellate court issued its opinion in the Hyundai suit. A finding that a debt is not yet due will not act to preclude its recovery once the debt matures. *Cf. Griffin v. Holiday Inns of Am.,* 496 S.W.2d 535, 538 (Tex.1973) (judgment on merits in suit on one cause of action is not conclusive of subsequent suit on different cause of action except as to issues of fact actually litigated and determined in first suit). Accordingly, the trial court did not err by denying Collins' motion for summary judgment based on *res judicata.*

Additionally, because the appeal of the Hyundai suit was resolved in 1994, Guinn's claim for the $93,854.51 debt was not barred by the statute of limitations. We overrule Collins' final point of error.

We affirm the judgment of the trial court.