08-4802-cv
Julie Male v. Tops Markets, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this Court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand nine.

PRESENT:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

---

JULIE MALE,
> *Plaintiff-Appellant*,

-v.-                                          No. 08-4802-cv
                                              Summary Order

TOPS MARKETS, LLC,
> *Defendant-Appellee*.

---

> Christina A. Agola, Christina A. Agola, Attorneys and Counselors at Law, PLLC, *for Plaintiff-Appellant*.
>
> Mark A. Moldenhauer (Robert A. Doren, *on the brief)*, Bond, Schoeneck & King, PLLC, *for Defendant-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED in part and VACATED AND REMANDED in part.

Plaintiff-Appellant Julie Male appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*) entered on September 16, 2008, dismissing her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.*, as barred by res judicata. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal, which we reference only as necessary to explain our decision.

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties . . . from relitigating claims that were or could have been raised in that action." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002). To determine whether two actions involve the same claims, this Court employs a transactional test, examining whether the later claims arise from the same "nucleus of operative fact" as the earlier ones. *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997) (internal quotation marks omitted). Because it is clear that Male's FMLA and state law claims sound in the same facts as those which formed the basis of an earlier action by her against the Defendant-Appellee, those claims are barred. Male's contention that the district court improperly dismissed certain claims in her previous action, whatever its merit, is irrelevant to our decision, as it is well established that "[r]es judicata protects wrong decisions as fully as right ones." *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 158 (2d Cir. 1982) (Friendly, *J.*). The remedy for any error by the court in Male's first

2

action lay in her direct appeal, which was dismissed for repeated failures to comply with the rules of this Court. *See* Order to Show Cause, *Male v. Tops Friendly Markets*, No. 08-2363-cv (2d Cir. May 25, 2008); Order, *Male v. Tops Friendly Markets*, No. 08-2363-cv (2d Cir. Dec. 2, 2008).

The district court in the instant case erred, however, in determining that Male's Title VII claim was barred. "While claim preclusion bars relitigation of the events underlying a previous judgment, it does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit. . . . The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000); *see also Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (per curiam). Male's complaint indicates that her claim against her former employer for post-termination retaliation sounds in events that transpired after the filing of the complaint in her first action. *See* Compl. ¶¶ 86-89. Accordingly, res judicata does not apply to the Title VII claim.

Because the district court ruled that Male's Title VII claim was barred, it declined to consider the Defendant-Appellee's alternative argument that the claim was insufficiently pleaded. "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (citing Fed. R. Civ. P. 8(a)(2)). *See also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Accordingly, we remand to permit the district court to address the question whether Male's

Title VII claim was adequately pleaded in the first instance and, if it determines that the Title VII claim was inadequately pleaded, to determine whether leave to amend the complaint should be granted.

We have carefully considered Male's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED as to its dismissal of the FMLA and New York State Human Rights Law claims. The judgment is VACATED as to the court's holding that Male's Title VII claim is barred, and REMANDED for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

4