# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20538

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2017

Lyle W. Cayce
Clerk

GUADALUPE A. WELSH,

      Plaintiff - Appellant

v.

FORT BEND INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH and HAYNES, Circuit Judges, and JUNELL, District Judge.*

HAYNES, Circuit Judge:

In this employment dispute, the district court granted summary judgment in favor of Defendant Fort Bend Independent School District on the ground that res judicata barred all of Plaintiff Guadalupe Welsh's claims. Because it appears that some of Welsh's claims were not mature at the time of filing her previous lawsuit, we VACATE and REMAND for the district court to determine what claims remain in light of this opinion.

---

* District Judge of the Western District of Texas, sitting by designation.

No. 16-20538

I.

Plaintiff Guadalupe A. Welsh is a teacher at Defendant Fort Bend Independent School District ("FBISD"). She filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation on August 15, 2012. Welsh amended that charge on June 19, 2014, stating that the discrimination and retaliation was ongoing, and she received her right-to-sue letter on June 30, 2014.

On September 26, 2014, Welsh filed a lawsuit against FBISD in the district court for Fort Bend County (*Welsh I*). In *Welsh I*, Welsh alleged that she "was passed over for jobs as an administrator because of her sex, female, her national origin, Hispanic, and her age, which is over 40." She further alleged that she was retaliated against for filing her 2012 EEOC charge. Accordingly, she brought claims for discrimination, hostile work environment, and retaliation under Chapter 21 of the Texas Labor Code.

On December 16, 2014, FBISD filed a plea to the jurisdiction in *Welsh I*, wherein FBISD maintained, inter alia, that Welsh's claims were barred by the statute of limitations because she filed her lawsuit more than two years after she filed her charge. The state district court granted the plea to the jurisdiction and dismissed Welsh's claims in *Welsh I* on January 9, 2015.

Later that same month, Welsh filed another charge with the EEOC, alleging discrimination and retaliation for incidents occurring between April 3, 2014, and December 19, 2014. Welsh received her right-to-sue letter, and on May 12, 2015, she filed this case against FBISD in the Southern District of Texas ("*Welsh II*"). In *Welsh II*, Welsh brought claims against FBISD for discrimination under Title VII and the ADEA. In support of these claims, Welsh alleged the following facts:

2

No. 16-20538

(1) On April 3, 2014, she was placed under a "Teacher in Need of Assistance" ("TINA") Plan for reasons that were fabricated;

(2) On April 29, 2014, she received a Professional Development and Appraisal System, Summative Annual Report ("PDAS"), which stated that she had been placed on a TINA Plan and FBISD "would not remove the disparaging memoranda";

(3) On July 9, 2014, Welsh requested a letter of recommendation from the principal but received no response;

(4) During "the Fall semester of 2014," FBISD deliberately failed to provide her with accommodation information for her students as a means of fabricating another reprimand against her;

(5) On September 16, 2014, Welsh filed a grievance requesting that the TINA Plan be removed from her file, that all mentions of the grievance be removed from her file, and that the school comply with PDAS standards; and

(6) On December 19, 2014, Allison Pike "made humiliating remarks" to Welsh in front of others.

Welsh further alleged that these actions constituted retaliation for her having filed a charge with the EEOC.[1]

FBISD moved for summary judgment on the grounds that, due to *Welsh I*, all of the claims in *Welsh II* were barred by res judicata. The district court granted FBISD's motion and denied Welsh's subsequent motion for reconsideration. Welsh timely appealed.

## II.

We review the application of res judicata de novo. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Because *Welsh I*

---

[1] Only the question of res judicata is before us so we express no opinion on the sufficiency of these facts to support the claims alleged.

No. 16-20538

occurred in Texas state court, we apply Texas res judicata law. *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Res judicata is an affirmative defense, *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001), and thus the movant bears the burden of establishing that its requirements are satisfied, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### III.

Texas law has three requirements to invoke res judicata, the third of which is that the claims in the second action were raised or could have been raised in the first action. *See Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629 (Tex. 1992); *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979).[2] In this case, we must decide whether this requirement is satisfied where some of the events underlying the claims asserted in the second action had not yet occurred at the time of filing the first action. Moreover, all of the claims asserted in the second action were unexhausted at the time of the first action. We thus must consider whether claims that were not mature at the time of filing *Welsh I* nonetheless are barred by res judicata for failure to raise them in that case.

Examining Texas and other relevant caselaw,[3] as well as secondary sources, we conclude that Welsh was not required to include in *Welsh I* claims

---

[2] On appeal, Welsh challenges the first requirement, a prior final judgment on the merits. *See Jones*, 82 F.3d at 1338. Because there are no extraordinary circumstances, Welsh has waived appellate consideration of this issue by not raising it in the district court until her motion for reconsideration. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

[3] FBISD urges that *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004), supports its argument that all of the claims underlying *Welsh II* could have been asserted in *Welsh I*. But *Davis* does not answer the question presented in this case for several reasons. First, *Davis* involved federal res judicata law, not Texas res judicata law. 383 F.3d at 312 n.1, 313. Second, in *Davis*, all of the barred conduct underlying the second lawsuit occurred before the filing of the first lawsuit. *See id.* at 314; *see also id.* at 316 ("Because the barred

4

that were not yet mature at the time of filing *Welsh I.* Thus, such claims would not be barred.

The Texas Supreme Court has determined that claims could not have been litigated in a prior suit (so claim preclusion would not apply) where there existed some legal hurdle to asserting them in that prior suit. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992); *Cf. Browning v. Navarro*, 887 F.2d 553, 558 (5th Cir. 1989) ("If the court rendering judgment lacked subject-matter jurisdiction over a claim or if the procedural rules of the court made it impossible to raise a claim, then it is not precluded."). Moreover, Texas courts have refused to apply res judicata to claims that were not yet mature at the time of the first lawsuit. *E.g.*, *Collins v. Guinn*, 102 S.W.3d 825, 832 (Tex. App.—Texarkana 2003, pet. denied) ("Res judicata will not bar a plaintiff's recovery in a subsequent lawsuit absent a showing that the same claims were mature at the time of the prior judgment."); *El Paso City-County Health & Envtl. Dist. v. Bernal*, No. 08-00-00349-CV, 2001 WL 1169915, at *4 (Tex. App.—El Paso Oct. 4, 2001, no pet.) (not designated for publication) ("[B]ecause the TCHRA provided the exclusive remedy for Bernal's sexual harassment, age discrimination, and retaliation complaints, he could not have litigated them in his first lawsuit because he had not yet exhausted his administrative remedies."); *Hernandez v. Del Ray Chem. Int'l, Inc.*, 56 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("For res judicata to

---

claims arose from the same nucleus of operative fact as the claims in *Davis I* and *they predate that action*, Appellants were on notice to include those claims in *Davis I.*" (emphasis added)). Here, however, not all of the conduct underlying *Welsh II* preceded the filing of *Welsh I. See also ASARCO, L.L.C. v. Montana Res., Inc.,* --- F.3d ----, No. 16-40682, 2017 WL 2407451, at *5 (5th Cir. June 2, 2017) (analyzing federal res judicata law and distinguishing *Davis* on the grounds that all of the conduct in *Davis* occurred prior to the first suit). Third, the plaintiffs in *Davis* had filed their EEOC charge before filing the first lawsuit. *See Davis,* 383 F.3d at 315. Here, as it relates to the allegations in *Welsh II*, no charge was filed before the filing of *Welsh I.*

apply, a claim must be in existence at the time suit is filed, and cannot merely be of prospective anticipated claim."); *Valero Transmission Co. v. Wagner & Brown, II*, 787 S.W.2d 611, 614 (Tex. App.—El Paso 1990, writ dism'd by agr.) (determining claim was not barred where a claim "did not materialize" until after the first case was tried); *Reserve Life Ins. Co. v. Shelton*, 415 S.W.2d 281, 285 (Tex. Civ. App.—Austin 1967, writ dism'd) ("Since appellee had three separate and distinct causes of action, maturing at different times and sued on separately as the claims accrued, there is no rule of practice requiring appellee to amend his pleadings to introduce into one lawsuit all causes of action, and judgment in the first cause will not constitute res judicata as to the subsequent suits."); *Norton v. Humble Oil & Ref. Co.*, 227 S.W.2d 860, 862 (Tex. Civ. App.— Dallas 1950, no writ) ("Obviously appellee could not by diligence or otherwise have anticipated in its first suit an issue or action not then in existence and which could only arise out of future acts and conduct of the adverse party.").

A century-old Texas Supreme Court case is also instructive. *See Ben C. Jones & Co. v. Gammel Statesman Pub. Co.*, 100 Tex. 320, 99 S.W. 701 (Tex. 1907). In *Ben C. Jones*, the Texas Supreme Court held that a claim for breach of a continuing contract is not barred by a previous suit on the same contract where the causes of action in the second suit accrued *after* the filing of the first suit. *Id.* at 703. In so holding, the Texas Supreme Court rejected the very argument that FBISD makes here—that a party must amend its petition to assert additional causes of action as new facts occur.[4] *Id.* ("It is true that under our system of practice the plaintiffs might have amended their petition and have introduced into that suit all causes of action which had accrued under

---

[4] FBISD does not argue that, by actually amending her petition to make a few corrections in *Welsh I*, Welsh was required to include new causes of action embracing all conduct that occurred as of the date of the amendment. Accordingly, any such issue is clearly abandoned, and we do not address it. *See In re Repine*, 536 F.3d 512, 518 n.5 (5th Cir. 2008).

that contract, but there is no rule of practice that required that they should do so."). The Second Restatements of Judgments, on which the Texas Supreme Court has previously relied, see *Barr*, 837 S.W.2d at 631, also indicates that amendment is not required, RESTATEMENT (SECOND) OF JUDGMENTS § 26 cmt. g (1982) ("A judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due *after commencement of the first action*." (emphasis added)).

We also find instructive Texas's compulsory counterclaim rule,[5] under which a party must assert as a counterclaim any action arising out of the same transaction as the claim so long as the action is mature at the time of filing the pleading. TEX. R. CIV. P. 97(a); *see Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999), *disagreed with on other grounds by In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 292 (Tex. 2016). "A claim which either matured or was acquired by the pleader *after* filing his pleading *may* be presented as a counterclaim by amended pleading." TEX. R. CIV. P. 97(d) (emphasis added); *see also Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 216–17 (Tex. App.—El Paso 2010, pet. denied) (determining res judicata did not apply where "[t]he prior lawsuit was filed prior to the breach of contract cause of action becoming mature"); *Weiman v. Addicks-Fairbanks Rd. Sand Co.*, 846 S.W.2d 414, 420 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (determining that claims that were not mature at the time of filing the first lawsuit were not barred by the compulsory counterclaim rule from being brought in a second lawsuit).

---

[5] The Texas Supreme Court has noted the similarity between the compulsory counterclaim rule and res judicata. *See Barr*, 837 S.W.2d at 630–31.

No. 16-20538

Based on these principles, we reject FBISD's argument that Welsh was required to amend her petition in *Welsh I* to include claims that were not mature at the time of filing *Welsh I.*[6] We specifically reject the idea that every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever. In the employment context, FBISD's proposed rule would require a plaintiff to repeatedly amend her petition and then stay her initial lawsuit to file charges with the EEOC for conduct that arises during that lawsuit. Such a rule is not feasible where a plaintiff remains employed and is subject to discrimination maturing after the filing date.

For these reasons, we hold that the only claims in *Welsh II* that are barred under res judicata are those that were mature at the time that Welsh filed her petition in *Welsh I.* The parties have not briefed this issue under this framework (instead proposing contrary rules for claim preclusion dates not supported by Texas caselaw). For that reason and because at least some facts supporting Welsh's alleged claims clearly were not extant at the time *Welsh I* was filed such that a claim could not have been mature based upon those facts, we conclude that the question of which claims survive in this case is best left in the first instance to the district court on remand.

VACATED and REMANDED.

---

[6] Although not determinative, we note that many of our sister circuits have determined that federal res judicata law does not bar claims based on facts that occurred after the filing of the first lawsuit. *E.g.*, *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108–09 (2d Cir. 2015); *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010); *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 978 (8th Cir. 2001); *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992); *see also Male v. Tops Markets, LLC*, 354 F. App'x 514, 515 (2d Cir. 2009) (res judicata did not apply to a claim for post-termination retaliation based on events that occurred after the filing of the first lawsuit); *Cf. Munoz v. Aldridge*, 894 F.2d 1489, 1495 (5th Cir. 1990) ("Manuel Munoz's individual claims in this case cannot be barred by his prior litigation of individual claims based on earlier, different alleged instances of discrimination.").